1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAMONA MEDINA, | CASE NO. 06cv1122- JLS (WMc) |
| Petitioner, | **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| M.S. EVANS, Warden, | |
| Respondent. | |

## I.

## INTRODUCTION

ANTHONY RAMONA MEDINA (hereinafter "Petitioner"), a California prisoner proceeding *pro se*, has filed a federal Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. This Report and Recommendation is submitted to United States District Judge Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule H.C.2 of the United States District Court for the Southern District of California. After reviewing the Petition, Respondent's Answer and Memorandum of Points and Authorities in support thereof, and all the supporting documents submitted by the parties, the Court recommends the Petition be **DENIED** for the reasons stated below.

**II.**

**STATEMENT OF FACTS**

The following statement of facts is taken from the state appellate court opinion affirming Petitioner's conviction on direct review. This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C.A. §2254(e)(1)(West Supp. 2006); *see also Sumner v. Mata*, 449 U.S. 539, 545-47 (1981) (stating that deference is owed to factual findings of both state trial and appellate courts).

*A. The Charged Sexual Assault*

In September 1993, at approximately 11:00 p.m., the victim, Monica, and a few friends drove together to a bar in Pacific Beach. At around 1:00 a.m., Monica talked with some other friends who were waiting in line outside the bar. When she came back inside the bar about 30 minutes later, she could not find the friends with whom she had come to the bar. Assuming that they had left without her, Monica decided to walk home.

As Monica was walking home near the La Jolla Lutheran Church, Medina jumped out from behind some bushes, grabbed her, and pointed a gun at her head. Medina pushed her onto the steps of the church, lifted her skirt, and unsnapped her bodysuit. Medina then penetrated her external vaginal lips with his penis. He was not fully erect and was unable to achieve full penetration. Medina tried again to penetrate Monica's vagina with his penis, but was able still only to penetrate her external vaginal lips.

Medina then pushed Monica around the corner of the church, away from the street where cars were passing by. With the gun pointed at Monica's head, Medina penetrated her vagina with his penis for a third time. He ordered Monica to put her fingers inside her vagina and forced his penis inside her mouth. After a short period of time, Medina removed his penis and ejaculated on Monica's stomach area. Medina then fled. Monica was examined at a hospital and various samples of physical evidence were taken from her body and clothing. These specimens were provided to law enforcement.

*B. The Arizona Incident*

In February 2001, in Oro Valley, Arizona, Frank P.'s seventh-grade daughter left her house to catch her school bus at a nearby bus stop. A few minutes later she came back inside the house. Frank P. and his daughter then looked out the window and saw a black truck parked in their driveway. Medina was leaning against the rear of the truck facing the school bus stop, masturbating. There were children at the bus stop, which was 100-150 feet from where Medina was standing. Frank P. called the police, who arrived after Medina had left. The police obtained a sample of semen Medina had left on Frank P.'s driveway. Medina was arrested and pled guilty to one count of public sexual indecency.

*C. The DNA Match*

In March 2001, the Oro Valley Police Department collected a known sample of DNA from Medina. The DNA from the semen sample from the Frank

1
2
3
4

P.'s driveway [sic] was positively matched to the known sample taken from Medina. DNA in both the semen sample and the known sample taken from Medina positively matched the DNA contained in the samples from the 1993 sexual assault of Monica. The chance of someone other than Medina having left the samples gathered from the sexual assault in 1993 was no greater than one in one-half quadrillion.

*D. The Defense*

5
6
7
8
9

Medina testified that he was living in Pacific Beach in 1993 at the time Monica was sexually assaulted. He denied he had assaulted her. He testified that he had a consensual sexual encounter with a woman on the beach in Pacific Beach in September 1993. He claimed that although he and the woman did not have intercourse, he ejaculated. Medina testified that although he could not recall if this woman was Monica, it was possible his DNA was discovered as a result of this incident.

10

(Lodgment 6 at 3-5.)

### III.

11

### STATE COURT PROCEEDINGS

12
13

On September 13, 2002, a jury convicted Petitioner of three counts of forcible rape,

14

forcible oral copulation, and rape by a foreign object. (Lodgement 2, CT 236-240.) In addition,

15

the jury found true the allegation that Petitioner had used a firearm during the commission of each

16

of the offenses. (Lodgment 2, CT 236-240.) The trial court sentenced Petitioner to 48 years in

17

state prison. (Lodgment 2, CT 241-242.)

18

Petitioner appealed his conviction to the state appellate court raising claims one, two, and

19

five thru eleven from this petition. (Lodgment 3.) The state appellate court affirmed the

20

conviction in a partially published decision. (Lodgment 6.) The Petitioner subsequently filed a

21

petition for rehearing to the state appellate court. (Lodgment 7.) The state appellate court denied

22

the petition for rehearing on January 16, 2004. (Lodgment 8.) Petitioner then filed a petition for

23

review in the state supreme court raising claims two and three from this petition. The state

24

supreme court denied review on March 24, 2004. (Lodgments 9, 10).

25

Petitioner filed a petition for writ of habeas corpus raising claim four from this petition.

26

The petition was denied by the San Diego County Superior Court on February 24, 2005.

27

(Lodgments 11,12), the state appellate court on April 21, 2005 (Lodgments 13, 14), and the state

28

supreme court on March 15, 2006. (Lodgments 17, 18.) An additional habeas corpus petition

raising claims one and five thru eleven was filed on March 18, 2005. The petition was denied by

the state supreme court on March 15, 2006, with citation to *In re Waltreus*, 62 Cal. 2d 218, 42 Cal. Rptr 9, 397 P.2d 1001 (1965). (Lodgments 15, 16.)

### IV.

### FEDERAL PROCEEDINGS

On May 23, 2006, Petitioner filed a federal petition for writ of habeas corpus.  On September 7, 2006, Respondent filed an answer, arguing Petitioner's claims were procedurally barred because: they were not presented in a petition for review to the state supreme court, the claims were procedurally defaulted under the contemporaneous objection rule, Petitioner failed to state claims cognizable on federal habeas corpus, and Petitioner's claims failed on the merits.  On January 22, 2007, Petitioner filed a Traverse, reasserting his claims, contesting Respondent's position, and claiming the sentencing judge engaged in sentence elevating fact finding in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). ("Traverse").  On June 27, 2007, Petitioner filed a Supplement to the Traverse raising a claim based on *Cunningham v. California*, 127 S.Ct. 856 (2007). ("Supplement").   On July 27, 2007, Respondent filed a Response to Petitioner's Supplement contending Petitioner's *Blakely* and *Cunningham* claims are procedurally barred, foreclosed by *Teague v. Lane*, 489 U.S. 288, and that any error was harmless.  ("Response").

### V.

### PETITIONER'S CLAIMS

Petitioner claims: (1) the trial court erred in admitting evidence of Petitioner's prior uncharged sexual offense because the conduct was not one of the enumerated offenses made admissible by California Evidence Code § 1108; (2) the trial court erred in admitting Petitioner's uncharged sexual offense because it occurred subsequent, rather than prior, to the charged offense; (3) the trial court failed to determine whether Petitioner's uncharged sexual offense constituted one of the enumerated offenses made admissible by California Evidence Code § 1108; (4) ineffective assistance of counsel; (5) the trial court abused its discretion under California Evidence Code § 352 by admitting evidence of Petitioner's uncharged sexual offense; (6) the trial court improperly instructed the jury with CALJIC No. 2.50.01; (7) California Evidence Code § 1108 is unconstitutional; (8) the trial court erred by failing to instruct the jury with the lesser included offense of attempted rape; (9) the trial court

erred by sentencing Petitioner to the maximum term possible; (10) the trial court erred by failing to state reasons for sentencing on specific counts; and (11) the trial court improperly used dual reasoning in sentencing.

## VI.

## STANDARD OF REVIEW

Title 28, United States Code, § 2254, sets forth the following scope of review for federal habeas corpus claims[1]:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.[...]
>     (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>         (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>         (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

When determining what constitutes "clearly established federal law" under section 2254(d)(1), federal courts look to United States Supreme Court holdings at the time of the state court's decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Ninth Circuit law may also be considered "for its persuasive authority in applying Supreme Court law." *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000), *overruled on other grounds by Lockyer*, 538 U.S. 63 (2003); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003), *cert. denied*, 540 U.S. 968 (2003).

A state court's decision is "contrary to" clearly established United States Supreme Court precedent if (1) the state court applies a rule different from the governing law set forth in Supreme

---

[1] Title 28, United States Code, § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all habeas corpus petitions filed after 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The current petition was filed on May 23, 2006.

1  Court cases or (2) the state court confronts a set of facts that are materially indistinguishable from

2  a Supreme Court case, but still reaches a different result.  *Williams*, 529 U.S. at 405-406, 412

3  (2000); *Bell v. Cone*, 535 U.S. 685, 694; *Lockyer*, 538 U.S. at 73; *Clark*, 331 F.3d at 1067.  A state

4  court decision does not have to cite to or even be aware of clearly established Supreme Court

5  precedent, so long as neither the reasoning nor the result of the state court decision contradicts it.

6  *Early v. Packer*, 537 U.S. 3, 8 (2002).

7          A state court decision involves an "unreasonable application" of Supreme Court precedent

8  if (1) the state court identifies the correct governing rule, but then applies it to a new set of facts in

9  an unreasonable way, or (2) "the state court either unreasonably extends a legal principle from

10  [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to

11  extend that principle to a new context where it should apply."  *Wiggins v. Smith*, 539 U.S. 510, 520

12  (2003); *Lockyer*, 538 U.S. at 76 (citing *Williams*, 529 U.S. at 407); *Clark*, 331 F.3d at 1067.  An

13  unreasonable application of federal law requires the state court decision to be more than incorrect

14  or erroneous.  *Lockyer*, 538 U.S. at 76.  Instead, the state court's application must be "objectively

15  unreasonable."  *Id.*

16          Where there is no reasoned decision from the state's highest court, the Court "looks

17  through to the last reasoned state-court decision.  *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06

18  (1991); *Van Lynn v. Farmon*, 347 F.3d 735 (9th Cir. 2003).  However, if the dispositive state court

19  order does not "furnish a basis for its reasoning," the federal court considering the habeas petition

20  must conduct an independent review of the record to determine whether the state court

21  unreasonably applied controlling federal law.  *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.

22  2000); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

23                                              **VII.**

24                                        **DISCUSSION**

25          Respondent first alleges claim one and claims five through eleven are procedurally barred

26  by virtue of the state supreme court's previous rejection with a citation to *In re Waltreus*, 62 Cal.

27

28

1    2d 218 (1965)². (Memorandum of Points and Authorities in Support of Answer ["Ans. Mem."] at

2    5-8.) This Court will first address the issue of procedural default under *In re Waltreus* before

3    addressing the merits of the petition.

4    **A.    Petitioner's claims are not barred by the *Waltreus* Citation**

5          Although claim one and claims five through eleven in the current petition were presented

6    to the state appellate court on direct review, they were not presented to the state supreme court in a

7    petition for review. Rather, these claims were presented to the state supreme court in a habeas

8    petition filed by Petitioner in that court. (Lodgment 15 at 1-20.) That petition was denied; the

9    decision stated in full: "Petition for writ of habeas corpus is DENIED. (*See In re Waltreus* (1965)

10   62 Cal.2d 218.))" (Lodgment 16.) Respondent argues the state supreme court's citation to *In re*

11   *Waltreus* indicates Petitioner failed to properly present the claims to the state supreme court on

12   direct review, rendering those claims procedurally defaulted. (Ans. Mem. at 7-8.)

13         For the following reasons, the Court finds it must look through the *Waltreus* citation to the

14   last reasoned state court decision, in this case the state appellate court's partially published opinion

15   on direct review, in order to determine whether the state supreme court actually denied the claim

16   on the basis of a procedural bar.

17         In *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991), the court adopted a presumption which

18   gives no effect to unexplained state court orders but "looks through" them to the last reasoned state

19   court decision. In *Ylst*, the state appellate court rejected a claim on the basis it was raised for the

20   first time on appeal, and the state supreme court denied the subsequent petition for review without

21   comment or citation of authority. *Id.* at 799-800. The petitioner in that case then presented the

22   claim in a habeas petition in the state supreme court, which denied the petition with citations to *In*

23   *re Swain*, 34 Cal. 2d 300, 304 (1949) and *In re Waltreus*, 62 Cal. 2d 218, 225 (1965), but without

24   any accompanying explanation or opinion. *Ylst*, 501 U.S. at 800. The petitioner then filed a

25   second habeas petition in the state supreme court raising the same claim, which was denied

26   without opinion or case citation. *Id.*

27   _____

28        ² Respondent cites *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), in support of the contention that the claims were procedurally defaulted for Petitioner's failure to properly exhaust these eight claims in a petition for review to the state supreme court.

The *Ylst* Court held the following rebuttable presumption is appropriate: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst*, 501 U.S. at 803. Since Petitioner presentd numerous claims present by the petitioner in the state habeas petition, the *Ylst* Court was unable to determine whether the *Swain* or *Waltreus* citation applied to the claim in question. *Id.* at 805. However, because the appellate court had denied the claim on procedural grounds, and no state court had ever reached the merits of the claim in a reasoned opinion, the *Ylst* Court found, irrespective of whether the *Swain* or *Waltreus* citation was intended to apply to the claim in question, neither citation could be read as an intention by the state supreme court to lift the procedural bar imposed by the appellate court or to otherwise reach the merits of the claim; the claim was therefore procedurally defaulted and the court remanded for a determination of cause and prejudice. *Id.* at 806. With respect to California's *Waltreus* rule, the court observed,: "Since a later state decision based upon ineligibility for further state review neither rests upon procedural default nor lifts a pre-existing procedural default, its effect upon the availability of federal habeas is nil - which is precisely the effect accorded by the 'look-through' presumption." *Id.* at 804.

The Ninth Circuit has also found "[a]n *In re Waltreus* citation is neither a ruling on the merits nor a denial on procedural grounds and, therefore, has no bearing on a California prisoner's ability to raise a federal constitutional claim in federal court." *Hill v. Roe*, 321 F.3d 787, 789 (9th Cir. 2003). *Ylst* therefore requires this Court to look through the state supreme court order here to the state appellate court opinion to determine whether claims one and five through eleven were denied on the basis of a procedural rule by the appellate court. *See Ylst*, 501 U.S. at 804; *Hill*, 321 F.3d at 789 (recognizing the decision in *Ylst* forecloses any argument the *Waltreus* rule can be considered an independent and adequate state procedural ground).

Respondent, however, argues the citation to *Waltreus* here supports a procedural default even if the appellate court reached the merits of the claim. In this case, Respondent appears to contend the citation to *Waltreus* (coming as it did after a complete failure by Petitioner to file a petition for review), does not stand for the bar against re-litigation of claims on state habeas which were raised and addressed on direct appeal as characterized by *Ylst* and *Hill*, but instead stands for

1   a state procedural rule that habeas cannot act as a substitute for appeal, and is therefore

2   distinguishable from the citation to *Waltreus* in *Ylst*.

3       A Ninth Circuit case is instructive in resolving this issue: *Forrest v. Vasquez*, 75 F.3d 562

4   (9th Cir. 1996).  In *Forrest*, the petitioner's conviction was affirmed by the state court of appeal.

5   *Forrest*, 75 F.3d at 563.  The petitioner failed to comply with Rule 28(b) of the California Rules of

6   Court because he did not file a timely petition for review with the state supreme court; he

7   subsequently filed an application for relief from that default, which was denied.  *Id.*  Forrest then

8   filed a habeas petition with the state supreme court; the petition was denied with a citation to

9   *Waltreus*.  The Ninth Circuit looked through the *Waltreus* citation to the state supreme court order

10  denying Forrest's application for relief from default, but did not look through that order to the

11  lower appellate court opinion.  *Forrest*, 75 F.3d at 564.  The order denying relief from default was

12  in fact the last reasoned decision to which the court looked through the *Waltreus* citation.  *Id.*

13  ("we look through *Waltreus* to an order that was clearly based on Forrest's failure to comply with

14  a procedural rule.").  Forrest's habeas claims were therefore procedurally defaulted by virtue of the

15  order imposing the Rule 28(b) default.  *Id.*

16      *Ylst* makes clear that a citation to *Waltreus* is no indication of whether the state supreme

17  court considered the merits of a claim.  *Ylst*, 501 U.S. at 805.  Even under *Forrest*, the Court will

18  refuse to look through a *Waltreus* citation to the appellate court opinion only when an intervening

19  order or opinion stands in the way.  Thus, under *Forrest* and *Ylst,* the Court must look through the

20  *Waltreus* citation to the last reasoned decision of any state court it can find, and apply a rebuttable

21  presumption that the state supreme court disposed of the claim on the same basis as the last

22  reasoned decision.  To the extent Respondent urges this Court to impose a procedural default

23  against Petitioner based on his failure to raise his claim in a petition for review, no authority cited

24  by Respondent supports such a finding.

25      It is impossible to say in the instant case what the state supreme court meant to indicate in

26  citing *Waltreus*.  The *Waltreus* citation could mean Petitioner cannot raise a habeas claim that  was

27  rejected on direct review but not presented in a petition for review.  Alternatively, the *Waltreus*

28  citation might mean Petitioner is not entitled to use habeas as a substitute for the complete direct

1  appeal process and has procedurally defaulted his claim.  Lastly, the *Waltreus* citation might mean

2  claims rejected on direct appeal are not eligible for further review on habeas.  As Respondent has

3  failed to overcome the *Ylst* presumption, this Court will "look through" the state supreme court's

4  denial of Petitioner's habeas petition to the state appellate court's opinion on direct appeal to

5  evaluate claim one and claims five through eleven.

6  **B.      Petitioner is not entitled to habeas relief based on claim one and three.**

7          In claim one, Petitioner contends the trial court erred in admitting evidence of his prior

8  uncharged sexual offense pursuant to California Evidence Code § 1108.  (Pet. at 8-25.)  In claim

9  three, Petitioner contends the trial court failed to determine whether Petitioner's Arizona

10  misconduct constituted one of the specifically enumerated offenses listed in California Evidence

11  Code § 1108.  (Pet. at 38-48.)  Claims one and three are identical and will be analyzed jointly for

12  practical purposes.

13          California Evidence Code section 1108 authorizes the admission of evidence of certain

14  prior sexual offenses to demonstrate a defendant's disposition to commit sexual offenses.  Section

15  1108 provides in pertinent part:

16          (a) In a criminal action in which the defendant is accused of a sexual offense, evidence of
            the defendant's commission of another sexual offense or offenses is not made inadmissible
17          by Section 1101, if the evidence is not inadmissible pursuant to Section 352.

18          (d) As used in this section, the following definitions shall apply:

19          (1) "Sexual offense" means a crime under the law of a state or of the United States that
            involved any of the following:
20
            (A) Any conduct proscribed by Section 243.4, 261, 261.5, 262, 264.1, 266c, 269, 286, 288,
21          288a, 288.2, 288.5, or 289, or subdivision (b), (c), or (d) of Section 311.2 or Section 311.3,
            311.4, 311.10, 311.11, 314, or 647.6 of the Penal Code.
22
            In particular, Petitioner alleges the evidence of his uncharged sexual offense established his
23
   actions as lewd conduct, which is not one of the enumerated offenses made admissible by
24
   California Evidence Code § 1108.  In support of this contention, Petitioner argues "no
25
   consideration at all was given to the possibility petitioner's offense constituted merely lewd
26
   conduct, for, as noted, the parties were all working under the erroneous assumption that evidence
27
   of any prior sexual offense was admissible."  (Pet. at 8.)  Petitioner asserts "the facts of petitioner's
28
   conduct in Arizona reflects conduct that falls under Penal Code section 647 (lewd conduct), not

under Penal Code section 314 (indecent exposure)."  (Pet. at 9.)  In essence, Petitioner argues that, if his Arizona sexual offense had been characterized as lewd conduct rather than indecent exposure, evidence of the uncharged Arizona offense would not have been admitted at trial. Petitioner claims a Sixth Amendment violation.  (Pet. at 24.)

Respondent argues (1) the claim is procedurally defaulted under the contemporaneous objection rule; (2) Petitioner fails to state a claim which is cognizable on federal habeas corpus; and (3) the claim fails on the merits.  (Ans. Mem. at 5-13.)

**1.      Procedural default under the contemporaneous objection rule**

When a state court rejects a federal claim based upon a violation of a state procedural rule which is adequate to support the judgment and independent of federal law, a habeas petitioner has procedurally defaulted his claim in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  A state procedural rule is "independent" if it is not interwoven with federal law.  *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001).  A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established" at the time of the default.  *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).

Nevertheless, "a procedural default does not bar consideration of a federal claim on direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263 (1989) (internal quotation marks omitted).  Furthermore, the Court may still reach the merits of a procedurally defaulted claim if the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the default, or if the failure of the Court to review the claim would result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.

Respondent has the initial burden of pleading as an affirmative defense that petitioner's failure to satisfy a state procedural rule forecloses federal habeas review.  *Bennet v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).  If respondent makes a satisfactory showing, the burden then shifts to petitioner to challenge the independence or adequacy of the procedural bar.  *Id.*  If petitioner makes a showing, then the ultimate burden of proof falls on respondent.  *Id.*

In this instance, Respondent asserts Petitioner's claim is procedurally defaulted under the

contemporaneous objection rule because Petitioner failed to raise the necessary objection in the

trial court.  To determine whether Petitioner's claim is procedurally defaulted, this Court must

look to the state appellate court's decision because it is the last reasoned state court decision.  *See*

*Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).  On direct appeal, the state appellate court denied

Petitioner's claim because, at trial, Petitioner failed to raise his claim that the uncharged sexual

offense was not within the scope of offenses listed in California Evidence Code § 1108.  The state

appellate court stated its reasoning as follows:

> We need not consider the precise nature of the elements of these two
> offenses or whether the Arizona incident constituted indecent exposure because, as
> Medina concedes, he did not raise this objection in the trial court.  (See Evid. Code,
> §353 [precluding reversal of a decision based on the erroneous admission of
> evidence unless there was "an objection to ... the evidence that was timely made
> and so stated as to make clear the specific ground of the objection or motion"].)  At
> trial, Medina's counsel conceded that the facts of the Arizona offense constituted
> indecent exposure (§ 314).  Medina may not concede in the trial court that
> masturbating in public is sufficient to establish the offense of indecent exposure,
> and then claim on appeal that masturbating in public is insufficient to establish the
> same offense.  Even if the facts in the record were insufficient to establish that the
> Arizona offense constituted indecent exposure - a conclusion we emphasize we do
> not reach here - the People could have attempted to cure any such evidentiary
> deficiency if they had been apprised of Medina's objection.  The requirement that
> there be a contemporaneous objection, contained in Evidence Code section 353, is
> fully applicable under these circumstances.
>
> Accordingly, Medina has waived his claim that the Arizona incident was
> inadmissible because it constituted lewd conduct and not indecent exposure.  For
> the same reasons, Medina has also waived his related claim that the trial court
> abused its discretion under Evidence Code section 352 by failing to consider
> whether the offense committed in Arizona was within the scope of those acts
> deemed admissible under Evidence Code section 1108.

(Lodgment 6 at 5-7, footnotes omitted.)

The state appellate court determined the "requirement that there be a contemporaneous

objection, contained in Evidence Code section 353, is fully applicable under these circumstances"

and therefore Petitioner "has waived his claim that the Arizona incident was inadmissible because

it constituted lewd conduct and not indecent exposure."  (Lodgment 6 at 6.)  The Ninth Circuit has

explicitly held that California's contemporaneous objection rule is an adequate bar to federal

habeas review.  *See Davis v. Woodford*, 384 F.3d 628, 653-54 (9th Cir. 2004); *Vansickel v. White*,

166 F.3d 953, 957-58 (9th Cir. 1999).  The state appellate court's express invocation of the

contemporaneous objection rule precludes federal review of Petitioner's claim unless Petitioner

can demonstrate cause for the procedural default and actual prejudice resulting from the default, or if the failure of the Court to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

The Court notes Petitioner asserts his defense counsel "strenuously objected to the admission of petitioner's Arizona sexual offense" at the outset of the trial. (Pet. at 18.) However, Petitioner acknowledges his defense counsel did not object on the grounds the Arizona offense should have been characterized as lewd conduct instead of indecent exposure. (Pet. at 19.) Rather, Petitioner's counsel claimed the evidence of the Arizona offense should be excluded under Evidence Code section 352 on the ground that its probative value would be substantially outweighed by undue prejudice. (Lodgment 6 at 7, n.4.) The issue Petitioner's defense counsel objected to at trial is not the issue referred to in claims one and three of this Petition.

Petitioner does not directly address the matter of procedural default in the Petition. However, Petitioner attributes the failure to object to his trial counsel. Petitioner argues "he should not now lose the opportunity of raising this critical issue based on what is, perhaps, an understandable failure by defense counsel to object to the admission of the Arizona offense on this particular basis." (Pet. at 19.) Petitioner appears to assert an ineffective assistance of counsel claim as cause for failing to object at trial to the admission of the Arizona offense. Petitioner contends the trial as a whole was prejudiced by the admission of the Arizona offense. Petitioner argues "the jury could not but have been [sic] strongly influenced by the wrongly admitted evidence of petitioner's Arizona sexual offense." (Pet. at 22.)

Although the Supreme Court has not "identified with precision exactly what constitutes 'cause' to excuse a procedural default, [it has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). The Supreme Court stressed "[n]ot just any deficiency in counsel's performance will do...the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards*, 529 U.S. at 451. In other words, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claims is *itself* an

1    independent constitutional claim." *Id.*

2    The clearly established United States Supreme Court law governing ineffective assistance

3    of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Williams v.*

4    *Taylor*, 529 U.S. 362, 391 (2000) (stating it is beyond question that *Strickland* is the "clearly

5    established" law governing ineffective assistance of counsel claims); *Baylor v. Estelle*, 94 F.3d

6    1321, 1323 (9th Cir. 1996) (same); *Jones v. Wood*, 114 F.3d 1002, 1013 (9th Cir. 1997) (same).

7    To prove a claim of ineffective assistance of counsel, the petitioner must demonstrate two things.

8    First, the petitioner must show counsel's performance fell below an objective standard of

9    reasonableness. *Strickland*, 466 U.S. at 687. "This requires showing that counsel made errors so

10    serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

11    Amendment." *Id.* Second, the petitioner must show counsel's deficient performance prejudiced

12    the defense. *Id.* To prove prejudice, the petitioner must demonstrate counsel's error rendered the

13    result unreliable or the trial fundamentally unfair. *Id.* at 694. "The result of a proceeding can be

14    rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel can not be

15    shown by a preponderance of the evidence to have determined the outcome." *Id.*

16    Review of counsel's performance is "highly deferential" and there is a "strong

17    presumption" that counsel rendered adequate assistance and exercised reasonable professional

18    judgment. *United States v. Ferreira-Alameda,* 815 F.2d 1251, 1253 (9th Cir. 1987); *Strickland,*

19    466 U.S. at 690; *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985).

20    Petitioner has set forth an independent claim for ineffective assistance of counsel in claim

21    four of this Petition on the grounds his trial counsel should have objected to the characterization

22    and ultimate admission of the Arizona offense as indecent exposure. The state supreme court

23    rejected Petitioner's independent ineffective assistance claim without citation of authority.

24    (Lodgment 18.) Thus, this Court must "look through" to the state appellate court decision

25    rejecting the claim as the basis for its analysis. *Ylst*, 501 U.S. at 801-06. In this case, it is the state

26    appellate court's April 21, 2005 rejection of his state habeas petition which provides reasoned

27    analysis of Petitioner's claims of ineffective assistance of counsel. (Lodgment 14.)

28    In response to Petitioner's ineffective assistance of counsel argument, the state appellate

1   court found Petitioner's position was not supported by the record.  The state appellate court

2   rejected the ineffective assistance of counsel claim, stating:

3           Also, the giving of the CALJIC No. 2.50.01 instruction undermines
        Medina's arguments relating to the use of the Arizona offense.  The premise of
4       these arguments is that defense counsel wrongly assumed the Arizona offense
        constituted indecent exposure and, therefore, wrongfully permitted the admission of
5       evidence of this offense.  However, per the CALJIC No. 2.05.01 instruction,
        whether the Arizona offense constituted indecent exposure was a factual question
6       for the jury to decide.

7           Moreover, while Medina admits in connection with the Arizona offense that
        he was masturbating in a public place for his own personal sexual gratification, he
8       claims there is no evidence he was trying to draw attention to his conduct.  This
        claim is belied by the fact that, at the time he was engaged in this activity, he was
9       facing a bus stop where children were present.  Even if no one actually saw his
        conduct, his conduct could still amount to indecent exposure.  (*People v. Carbajal*
10      (2003) 114 Cal.App.4th 978, 986.)  Therefore, it was proper to submit the issue to
        the jury to resolve.

11

12  (Lodgment 14 at 2.)

13          In its explanation, the state appellate court specifically noted, because Petitioner "was

14  masterbating in a public place for his own personal sexual gratification" while "facing a bus stop

15  where children where present," determination of whether "the Arizona offense constituted

16  indecent exposure was a factual question for the jury to decide."  (Lodgment 14 at 3.)  Petitioner

17  cannot establish his counsel's performance "fell below an objective standard of reasonableness"

18  for failing to object to the admission of the Arizona offense because the characterization of the

19  misconduct was a factual issue for the jury to resolve.   Thus, Petitioner's counsel did not render

20  deficient representation under the *Strickland* test.

21          Without reaching the issue of prejudice, this Court finds Petitioner has not adequately

22  established ineffective assistance of counsel sufficient to show cause for the procedural default.

23  Since Petitioner has not overcome the heavy burden set forth in *Coleman*, this Court recommends

24  **DENYING** relief based on claims one and three of the Petition.

25  **C.      Petitioner is not entitled to habeas relief based on claim two.**

26          In claim two Petitioner contends the trial court erred in admitting his Arizona indecent

27  exposure pursuant to California Evidence Code § 1108 because the Arizona offense occurred after,

28  rather than before, the charged offense.  (Pet. at 26-37.)  The issue Petitioner raises "is whether

1    committing a sexual offense eight years after the charged offense gives rise to the proposition the

2    accused...had the disposition to commit the charged sexual offenses eight years earlier." (Pet. at

3    26.)  Petitioner claims "section 1108 does not apply to offenses committed after the charged

4    offenses, and certainly not where the time gap between the offense is substantial, as it was in the

5    instant case." (Pet. at 29.)  Petitioner argues while "section 1108 may well not violate principles

6    of Due Process or Equal Protection when the prior sexual offenses took place prior to the charged

7    offenses, they do violate those principles when the collateral offenses occur subsequent to the

8    charged offense[.]" (Pet. at 34.)  Essentially, Petitioner alleges a Fourteenth Amendment

9    violation..

10        Petitioner cites a concurring and dissenting opinion in *United States v. Wright*, 53 M.J. 476

11   (2000), a United States Court of Appeals for the Armed Forces case, for the proposition that

12   propensity evidence should not be admitted when the uncharged offenses take place after the

13   charged offense. (Pet. at 30.)  However, this decision is not clearly established Federal law, as

14   determined by the Supreme Court of the United States or Ninth Circuit case law which may be

15   considered "for its persuasive authority in applying Supreme Court law." *Van Tran v. Lindsey*,

16   212 F.3d 1143, 1150 (9th Cir. 2000), *overruled on other grounds by Lockyer* 538 U.S. 63; *Clark v.*

17   *Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003), *cert. denied*, 540 U.S. 968 (2003).  Consequently,

18   the case law cited by Petitioner is irrelevant for purposes of evaluating claim two of this Petition.

19        Respondent argues (1) Petitioner fails to state a claim; and (2) Petitioner's claim fails on

20   the merits because the state court's decision on appeal was reasonable. (Ans. Mem. at 13.)  More

21   specifically, Respondent asserts Petitioner's claim presents only state law issues regarding the

22   admission of evidence pursuant to California Evidence Code § 1108 and therefore fails to state a

23   claim which is cognizable on federal habeas corpus. (Ans. Mem. at 11.)

24        **1.      Failure to state a claim which is cognizable on federal habeas corpus**

25        "In conducting habeas review, a federal court is limited to deciding whether a conviction

26   violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62,

27   68 (1991); 28 U.S.C. §§ 2241(c)(3), 2254(a).  Habeas relief is not available for an alleged error in

28   the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. at 67-68; *Jammal v.*

1    *Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991); *O'Bremski v. Maass*, 915 F.2d 418, 423 (9th Cir.

2    1990), *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).  Federal habeas courts do not

3    grant relief, as a state appellate court might, simply based on a violation of state law.  *See Estelle*,

4    502 U.S. at 72.  Furthermore, state evidentiary rulings are not cognizable in a federal habeas

5    proceeding unless the admission of the evidence violated the petitioner's federal due process right

6    to a fair trial.  *Estelle*, 502 U.S. at 70; *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990);

7    *Jammal*, 926 F.2d at 920.  Accordingly, to establish a due process violation, a petitioner must

8    show the trial court's ruling was arbitrary or so prejudicial that it rendered the trial fundamentally

9    unfair.  *Jammal*, 926 F.2d at 919; *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1466 (9th Cir. 1986).

10          Since Petitioner asserts his Fourteenth Amendment rights were violated by the introduction

11   of the subsequent uncharged offense to prove a propensity to commit sexual crimes, Petitioner has

12   stated a claim which is cognizable on federal habeas corpus. Consequently, the Respondent's

13   argument is rejected and the claim must be evaluated on the merits.

14          **2.     Merits**

15          The United States Supreme Court has never held that the use of sexual offenses to show

16   propensity for a similar crime violates due process or equal protection.  In fact, the United States

17   Supreme Court has expressly declined to rule on the constitutionality of the use of propensity

18   evidence.  *See Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991).  Thus, the inquiry turns on whether

19   the admission of the evidence violated the Petitioner's due process right to a fair trial.  *Estelle*, 502

20   U.S. at 68; *Spivey v. Rocha*, 194 F.3d 971, 977-978 (9th Cir. 1990).  In order to prevail, the

21   Petitioner must show that the court's ruling was so prejudicial that it rendered his trial

22   fundamentally unfair.  *See Estelle*, 502 U.S. at 68; *Jammal*, 926 F.2d at 920.

23          On petition for review, the state supreme court rejected this claim without citation of

24   authority.  (Lodgment 10.)  Thus, this Court must "look through" to the state appellate court

25   decision rejecting the claim as the basis for its analysis.  *Ylst*, 501 U.S. at 801-06.  In this case, it is

26   the state appellate court's partially published opinion on direct review.  (Lodgment 6.)

27   The state appellate court denied claim two on the merits.  In response to Petitioner's due process

28   and equal protection arguments, the state appellate court stated:

1

2

3

4

5

6

7

8

9

Medina also argues that principles of due process and equal protection are violated by the introduction of evidence of uncharged sex offenses committed after the charged offense.  The California Supreme Court has rejected the argument that the use of propensity evidence, as authorized by Evidence Code section 1108, violates principles of due process.  (*People v. Falsetta, supra*, 21 Cal.4th at p.907.)  Medina argues that in "after-the-fact circumstances, there is simply no commonsense connection to establishing a *predisposition* to having committed a prior offense.  (Italics added.)  What Medina fails to acknowledge is that section 1108 is not limited to evidence that establishes a *pre*disposition on the part of the defendant to commit a sexual offense.  Rather, it permits evidence of the defendant's commission of "another sexual offense or offenses" to establish the defendant's *propensity* to commit sexual offenses.  There is no requirement that the other offenses precede in time the charged offense.  (See *People v. Shoemaker, supra*, 135 Cal.App.3d at p.447.)  We reject Medina's claim that Evidence Code section 1108 violates due process to the extent it authorizes the admission of evidence of uncharged sexual offenses committed after the charged offense.

10   (Lodgment 6 at 11-12, footnotes omitted.)

11         The state appellate court's decision denying Petitioner's claim was reasonable.  The statute

12   at issue allows for the admission of evidence to establish a propensity to commit sexual offenses.

13   To the extent Petitioner presents a generalized due process claim arising from the unfairness of the

14   admission of the propensity evidence, he has not identified a federal constitutional violation.  In

15   *Jammal v. Van de Kamp*, 926 F.2d 918 (9th Cir. 1991), the Ninth Circuit recognized only where

16   there are no permissible inferences to be drawn from evidence improperly admitted at trial can its

17   admission violate federal due process, and even then the evidence must be of such quality as to

18   necessarily prevent a fair trial.  *Id*. at 920.  The admission of the evidence of Petitioner's

19   propensity to commit sexual offenses does not satisfy that standard.  There was a permissible

20   inference the jury could have drawn from the evidence, namely, that Petitioner had a propensity to

21   commit sexual crimes.  Petitioner does challenge how the Arizona conduct should be defined, but

22   he does not deny the conduct occurred.  (Pet. at 47-48.)  To the extent Petitioner is contending the

23   introduction of the evidence violated his Fourteenth Amendment right to due process and a fair

24   trial, there is no basis for federal habeas relief.  *Jammal*, 926 F.2d at 920.  Thus, Petitioner has not

25   sufficiently established a due process violation because the state appellate court's ruling was not

26   "contrary to, or involved an unreasonable application of, clearly established Federal law, as

27   determined by the Supreme Court of the United States."

28         Based on the foregoing, this Court recommends **DENYING** relief based on claim two.

1    **D.      Petitioner is not entitled to habeas relief based on claim four.**

2            In claim four, Petitioner contends his conviction should be reversed because his attorney

3    was ineffective for several reasons.  (Pet. at 49-77.)  In particular, Petitioner claims his counsel

4    rendered ineffective assistance of counsel because she: (1) failed to object to the admissibility of

5    the prior sexual offense in Arizona as indecent exposure and the corresponding jury instructions

6    related to that offense; (2) failed to argue for jury instructions on attempted rape as a lesser

7    included offense; and (3) did not object to the trial court's sentencing errors.  (Pet. at 49-77.)

8            The clearly established United States Supreme Court law governing ineffective assistance

9    of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Williams v.*

10   *Taylor*, 529 U.S. 362, 391 (2000) (stating it is beyond question that *Strickland* is the "clearly

11   established" law governing ineffective assistance of counsel claims); *Baylor v. Estelle*, 94 F.3d

12   1321, 1323 (9th Cir. 1996) (same); *Jones v. Wood*, 114 F.3d 1002, 1013 (9th Cir. 1997) (same).

13   To prove a claim of ineffective assistance of counsel, the petitioner must demonstrate two things.

14   First, the petitioner must show counsel's performance fell below an objective standard of

15   reasonableness.  *Strickland*, 466 U.S. at 687.  "This requires showing that counsel made errors so

16   serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

17   Amendment."  *Id.*  Second, the petitioner must show counsel's deficient performance prejudiced

18   the defense.  *Id.*  To prove prejudice, the petitioner must demonstrate counsel's error rendered the

19   result unreliable or the trial fundamentally unfair.  *Id.* at 694.  "The result of a proceeding can be

20   rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel can not be

21   shown by a preponderance of the evidence to have determined the outcome."  *Id.*

22           Review of counsel's performance is "highly deferential" and there is a "strong

23   presumption" that counsel rendered adequate assistance and exercised reasonable professional

24   judgment.  *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987); *Strickland*,

25   466 U.S. at 690; *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985).

26           The state supreme court rejected this claim without citation of authority.  (Lodgment 18.)

27   Thus, this Court must "look through" to the state appellate court decision rejecting the claim as the

28   basis for its analysis.  *Ylst*, 501 U.S. at 801-06.  In this case, it is the state appellate court's April

21, 2005 rejection of his state habeas petition which provides reasoned rejections of Petitioner's claims of ineffective assistance of counsel.  (Lodgment 14.)

**1. Admissibility of the prior sexual offense in Arizona**

Petitioner asserts the Arizona offense constituted lewd conduct as opposed to indecent exposure.  Since lewd conduct is not one of the enumerated offenses made admissible by Evidence Code § 1108, Petitioner argues his counsel erred by failing to object when this evidence was admitted under Evidence Code § 1108.  However, Petitioner notes "defense counsel strenuously [sic] objected to the admission of petitioner's Arizona sexual offense but only in regards to it's [sic] temporal relevancy 8 years after the charged offenses, and it's [sic] lack of similarity to the instant offense."  (Pet. at 51.)  Petitioner stresses he was "prejudiced by the introduction of his 2001 sexual offense, for it was introduced by the prosecution for the express purpose of inviting the jury to disbelieve petitioner's version of what probably happened in 1993, and to conclude that since petitioner committed this sexual offense in Arizona he was therefore uncredible [sic] in his testimony."  (Pet. at 63.)  Petitioner contends reversal is required because "it is also reasonably likely the jury might have had a reasonable doubt as to whether a rape actually took place as claimed[.]"  (Pet. at 63.)  The Court notes Petitioner presents pages of his personal opinion regarding how his attorney failed to properly represent him.  However, Petitioner's personal opinion has no effect on an ineffective assistance of counsel claim and whether his trial counsel's performance fell below the standard set out in *Strickland*.

In response to Petitioner's argument, the state appellate court determined Petitioner's position was not supported by the record.  The state appellate court rejected this claim based on the following:

> Also, the giving of the CALJIC No. 2.50.01 instruction undermines Medina's arguments relating to the use of the Arizona offense.  The premise of these arguments is that defense counsel wrongly assumed the Arizona offense constituted indecent exposure and, therefore, wrongfully permitted the admission of evidence of this offense.  However, per the CALJIC No. 2.05.01 instruction, whether the Arizona offense constituted indecent exposure was a factual question for the jury to decide.

> Moreover, while Medina admits in connection with the Arizona offense that he was masturbating in a public place for his own personal sexual gratification, he claims there is no evidence he was trying to draw attention to his conduct.  This claim is belied by the fact that, at the time he was engaged in this activity, he was

1       facing a bus stop where children were present.  Even if no one actually saw his
     conduct, his conduct could still amount to indecent exposure.  (*People v. Carbajal*
2       (2003) 114 Cal.App.4th 978, 986.)  Therefore, it was proper to submit the issue to
     the jury to resolve.
3

4  (Lodgment 14 at 2.)

5       In its reasoning, the state appellate court specifically noted because, Petitioner "was

6  masturbating in a public place for his own personal sexual gratification" while "facing a bus stop

7  where children where present," determination of whether "the Arizona offense constituted

8  indecent exposure was a factual question for the jury to decide."  (Lodgment 14 at 3.)  Petitioner

9  cannot establish his counsel's performance "fell below an objective standard of reasonableness"

10  for failing to object to the admission of the Arizona offense because the characterization of the

11  misconduct was a factual issue for the jury to resolve.   Thus, Petitioner's counsel did not render

12  deficient representation under the *Strickland* test.

13       Additionally, Petitioner fails to set forth sufficient facts showing the outcome of his trial

14  would have been different had the Arizona offense been excluded.  Although the Petitioner asserts

15  the jury "might have had a reasonable doubt as to whether a rape actually took place as claimed...,"

16  Petitioner's argument that the conviction resulted from the admission of the uncharged sexual

17  offense ignores the DNA evidence and the victim's testimony describing the rape.  (Pet. at 63.)

18  Thus, Petitioner has failed to establish it was reasonably probable he would have obtained a more

19  favorable verdict.

20          **2. Jury instructions on the lesser offense of attempted rape**

21       Petitioner asserts an ineffective assistance of counsel claim on the basis his trial counsel

22  failed to argue for jury instructions on the lesser-included offense of attempted rape.  Petitioner

23  claims the facts of the assault justify an attempt instruction stating in pertinent part "while the

24  court did, in fact, properly instruct as to rape in this regard, the evidence required that the court

25  instruct with attempted rape as well."  (Pet. at 57.)  Specifically, Petitioner argues the victim's

26  testimony was "less than unequivocal" about whether a rape had taken place.  (Pet. at 58.)  In

27  support of this claim, Petitioner partially includes the victim's testimony on direct examination in

28  the Petition:

```
Q:   You describe the fact he then tried to penetrate you.
A:   Correct.
Q:   Did he have an erection at that point?"
A:   I don't recall.
Q:   Can you tell us when he attempted to penetrate you, what exactly did
     he do?
A:   He wasn't very successful.
Q:   What do you mean?
A:   I don't believe - I guess he was not fully erect, and he could not
     penetrate very easily.
Q:   I'm sorry to ask, but did he penetrate your external vaginal lips?
A:   I believe so.
Q:   Did he go any further than that?
A:   No.
Q:   Where you scared at that point?
A:   Yes.
Q:   Were you terrified?
A:   Yes.
Q:   He attempted to penetrate you once on your external vaginal lips;
     correct?
A:   Correct
Q:   Did he try again?
A:   I believe so.
Q:   Same way or different way than the previous time?
A:   I believe the same way.
Q:   Was he successful in fully penetrating you?
A:   No.
Q:   De [sic] he penetrate the external lips of your vaginal area on that
     occasion?
A:   I believe so." (RT 99-100)
```

(Pet. at 58-59.)

Petitioner argues the victim's reply "I believe so" constitutes an equivocal answer, raising doubts about whether a rape had taken place. Petitioner declares "[i]t is well established that the trial court has a duty to instruct on a lesser included offense su sponte [sic] where there is 'substantial evidence' to support it, i.e., where evidence has been presented that could raise a reasonable doubt concerning whether all of the elements of the greater offense are present." (Pet. at 57.) Petitioner cites California case law in support of this proposition. In sum, Petitioner alleges he was prejudiced from the lack of jury instructions on the lesser included offense of attempted rape.

The state appellate court rejected this claim in the Petitioner's state habeas petition, noting:

> In this case, Medina has failed to include any supporting evidence with his petition and, consequently, has not shown his trial counsel's performance was deficient or prejudicial. In addition, assuming the factual statements in the petition are true, many of Medina's arguments lack merit as a matter of law. For instance, this claim that his trial counsel should have objected to the withdrawal of the jury instruction on the lesser included offense of attempted rape lacks merit because, as

1    explained on appeal, the evidence did not warrant this instruction.  (*People v.*
     *Mendoza* (2000) 24 Cal.4th 130, 174.)
2

3    (Lodgment 14 at 2.)

4         The state appellate court found Petitioner's argument lacked merit as a matter of law

5    because "the evidence did not warrant this instruction."  (Lodgment 14 at 2.)  To support its

6    position, the state appellate court referred to its previous decision on direct appeal where that court

7    addressed the attempted rape instructional claim with the following:

8         Medina places great emphasis on the fact that, with regard to the rape that
          occurred on the side of the church, when the victim was asked whether Medina had
9         penetrated her external lips, she responded with an unequivocal "yes."  Medina
          claims this unequivocal answer stands in contrast to the victims's "arguably
10        equivocal" answer with regard to the sexual assault that took place on the church
          steps.  However, Medina omits the following testimony from the victim's direct
11        examination regarding the assault on the church steps:

12             "Q. I believe that you described that on the steps when you were
               located there the man penetrated your external vaginal lips two
13             times; correct?
               "A. Correct."
14
          This testimony was unequivocal.  No reasonable jury could conclude on the
15        basis of such testimony that Medina attempted to, but did not, rape the victim on the
          church steps.  Because there was no evidence that the offense occurred was less
16        than that charged, the trial court was not required to instruct the jury on the lesser
          included offense of attempted rape.
17

18   (Lodgment 6 at 15-16.)

19        Petitioner's claim that his counsel should have objected to the withdrawal of the jury

20   instructions on the lesser included offense of attempted rape is not supported by the record.  There

21   was no requirement for the trial court to instruct on the lesser included offense because there was

22   no evidence which would warrant such an instruction.  Therefore, in light of the state appellate

23   court's finding there was insufficient evidence to support the lesser included offense, Petitioner

24   has not shown how counsel's performance prejudiced the defense by failing to argue for attempted

25   rape instructions.  Without reaching the issue of whether Petitioner's trial counsel rendered

26   deficient representation, this Court finds Petitioner has not met his burden under *Strickland*.

27        **3. Trial court's sentencing errors**

28        Finally, Petitioner asserts his trial counsel rendered ineffective assistance of counsel for

failing to object to the trial court's sentencing errors.  Petitioner alleges the trial court erred when it (1) "subjectively determined to sentence petitioner to the maximum term possible, and then worked backwards to find reasons that would support its intention"; (2) failed to state separate reasons for imposing consecutive "full strength" sentences as to counts one and three; (3) failed to state reasons for imposing consecutive "full strength" sentences as to counts one and three under California Penal Code Section 667.6(c) and; (4) used dual reasons for imposing consecutive upper terms for each individual count. (Pet. at 60-62.)

Petitioner argues the trial court incorrectly double-counted the gun use to find Petitioner had threatened the victim with bodily harm.  Petitioner alleges "the record makes clear the threat of bodily harm made by the assailant was that he threatened Ms. Kelly with a gun and told her he would not hurt her if she didn't yell[.]" (Pet. at 62.)  Petitioner concludes: "[t]he court thus made dual use of the gun use, and this a court may not do, as defense counsel should have been cognizant of."  (Pet. at 62.)

The state appellate court addressed Petitioner's ineffective assistance of counsel claim with the following:

> Lastly, regarding Medina's sentencing claims, Medina offers no evidence to show, nor is it readily apparent, that his sentence was improper or that the outcome would have been different if his trial counsel had made the desired objections.

(Lodgment 14 at 3.)

Petitioner has not demonstrated how his trial counsel rendered ineffective assistance of counsel by failing to make objections at his sentencing hearing.  Petitioner fails to address in the Petition what prejudice he suffered stemming from this alleged omission.  Furthermore, Petitioner fails to set forth any facts which would establish that his sentence would have been different or reduced had the suggested objections by his trial counsel been made.

The state court's adjudication using *Strickland* to address the merits of Petitioner's ineffective assistance of counsel claims should not be disturbed because its decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Accordingly, this Court recommends **DENYING** relief based on claim four of the Petition.

1    **E.    Petitioner is not entitled to habeas relief based on claim five.**

2         In claim five, Petitioner contends the trial court abused its discretion under California

3    Evidence Code § 352 in ruling Petitioner's Arizona sexual offense admissible pursuant to

4    Evidence Code § 1108.  (Pet. at 78-84.)  California Evidence Code § 352 states:

5              The court in its discretion may exclude evidence if its probative value is
         substantially outweighed by the probability that its admission will (a) necessitate
6         undue consumption of time or (b) create substantial danger of undue prejudice, of
         confusing the issues, or of misleading the jury.

7

8         Petitioner contends that in "exercising its mandated discretion pursuant to section 352, the

9    court abused its discretion by failing to consider whether the Arizona offense was admissible

10   under section 1108."  (Pet. at 80.)  Petitioner concedes "the issue petitioner raises in this argument

11   appears similar to that raised in [claim one], ... the court erred in admitting the Arizona offense for

12   it was not made admissible through section 1108."  (Pet. at 80.)  Essentially, Petitioner argues the

13   trial court should have considered whether the Arizona offense constituted lewd conduct rather

14   than indecent exposure in its section 352 analysis.  (Pet. at 81.)  Petitioner asserts the court's

15   execution of the section 352 analysis was "fatal to principles of due process" (Pet. at 82) and

16   "resulted in a manifest injustice to petitioner's defense."  (Pet. at 84.)

17        Respondent argues (1) the claim is procedurally defaulted under the contemporaneous

18   objection rule; (2) Petitioner fails to state a claim which is cognizable on federal habeas corpus;

19   and (3) the claim fails on the merits because the trial court did not abuse its discretion in assessing

20   the probative value of the evidence.  (Ans. Mem. at 19-23.)

21        **1.    Procedural default under the contemporaneous objection rule**

22        Federal courts "will not review a question of federal law decided by a state if the decision

23   of that court rests on a state law ground that is independent of the federal ground and adequate to

24   support the judgment."  *Coleman*, 501 U.S. at 729.  The Ninth Circuit has held that California's

25   contemporaneous objection rule, which requires objection at the time of trial to preserve an issue

26   for appeal, is an adequate bar to federal habeas review.  *See Davis*, 384 F.3d at 653-54.  A

27   procedural default does not bar consideration of a federal claim on either direct or habeas review

28   unless the last state court rendering a judgment in the case clearly and expressly states that its

judgment rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989). The Court may still reach the merits of a procedurally defaulted claim if the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the default, or if the failure of the Court to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

To determine whether Petitioner's claim is procedurally defaulted, this Court must look to the state appellate court's decision since it is the last reasoned state court decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). In its partially published opinion, the state appellate court concluded:

> Accordingly, Medina has waived his claim that the Arizona incident was inadmissible because it constituted lewd conduct and not indecent exposure. For the same reasons, Medina has also waived his related claim that the trial court abused its discretion under Evidence Code section 352 by failing to consider whether the offense committed in Arizona was within the scope of those acts deemed admissible under Evidence Code section 1108.

(Lodgment 6 at 6-7, footnotes omitted.)

In effect, the state appellate court ruled the claim was procedurally defaulted because Petitioner failed to raise this claim at trial. Because the state appellate court held this claim procedurally barred under state law, Petitioner must demonstrate cause and prejudice to obtain habeas relief. *Coleman*, 501 U.S. at 750. Petitioner does not address the issue of procedural default. Petitioner offers no explanation for the failure to raise the issue in a timely manner or demonstrate how he would be prejudiced if federal review is precluded. Consequently, the state appellate court's invocation of the contemporaneous objection rule precludes federal review of claim five, foreclosing the need to reach other arguments advanced by Respondent.

The Court notes Petitioner addresses the issue of procedural default in the Traverse. Petitioner alleges claim five is not procedurally defaulted because his trial counsel raised the claim that the uncharged sexual offense was more prejudicial then probative under California Evidence Code § 352. (Traverse at 16.) In support of this proposition, the Petitioner accurately cites several objections made by his trial counsel in the record. (Traverse at 16-17.) However, this argument fails because this is not the exact claim raised on habeas corpus review. The state appellate court specifically addressed this issue on direct appeal:

1

2

3

4
> We note that at trial, Medina's counsel claimed the evidence of the Arizona incident should be excluded under Evidence Code section 352 on the ground that its probative value would be substantially outweighed by undue prejudice, because the Arizona offense was not similar to the charged offense, eight years passed between the two events, and the Arizona offense occurred after the charged offense. However, we do not consider that issue in the opinion because Medina has not raised this claim in his appeal.

5
(Lodgment 6 at 7, n.4.)

6    Petitioner's trial counsel objected to the admission of the Arizona offense on the grounds

7   that its probative value would be substantially outweighed by undue prejudice.  In claim five of the

8   Petition, Petitioner argues the trial court abused its discretion under California Evidence Code §

9   352 by failing to consider whether the Arizona offense was admissible under California Evidence

10   Code § 1108.  The two claims are conceptually different.  Thus, the contemporaneous objection

11   rule applies.

12    Based on the foregoing, Petitioner has failed to meet the heavy burden required by

13   *Coleman*.  As such, this Court recommends **DENYING** relief based on claim five.

14   **F.**   **Petitioner is not entitled to habeas relief based on claim six.**

15    In claim six, Petitioner contends the trial court committed reversible error and denied him

16   due process of law when it instructed the jury with the 2002 revision of CALJIC No. 2.50.01.

17   (Pet. at 86.)  The exact jury instructions with respect to the 2002 revision of CALJIC No. 2.50.01

18   given at trial are:

19

20
> Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense other than that charged in the case.

21
> "Sexual offense" means a crime under the laws of a state or of the United States that involves any of the following:

22

23
> A. Any conduct made criminal by Penal Code section 314.1.  The elements of this crime are set forth elsewhere in these instructions.

24

25
> If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit sexual offenses.  If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.

26

27

28
> However, if you find by a preponderance of the evidence that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes.  If you determine an inference properly can be drawn from this evidence, this inference is simply one item for you to consider, along with all other evidence, in determining whether the

1    defendant has been proved guilty beyond a reasonable doubt of the charged crime.

2         Unless you are otherwise instructed, you must not consider this evidence for
     any other purpose.
3

(Lodgment 2 at 108-109.)
4

5         Principally, Petitioner objects to the portion of CALJIC No. 2.50.01, which states: "[I]f you

6    find by a preponderance of the evidence that the defendant committed a prior sexual offense, that

7    is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged

8    crime." (Pet. at 86.) Petitioner claims this part of CALJIC No. 2.50.01 violated his right to due

9    process because it suggested to the jury that if it were to find Petitioner committed another sexual

10   offense by a quantum of proof greater than a preponderance of the evidence, such a finding would

11   be sufficient to prove beyond a reasonable doubt that Petitioner committed the charged offense.

12   (Pet. at 87.)

13        Respondent argues Petitioner's claim fails on the merits because CALJIC No. 2.50.01 does

14   not violate due process. (Ans. Mem. at 23.)

15        Alleged errors in state court jury instructions do not provide a basis for federal habeas

16   relief unless the instructions infect the entire trial such that due process has been denied. *Estelle v.

17   McGuire*, 502 U.S. 62, 71-72 (1991). Moreover, to find constitutional harm, there must be a

18   "reasonable likelihood that the jury has applied the challenged instruction in a way that violates the

19   Constitution." *Estelle v. McGuire*, 502 U.S. at 72, (quoting *Boyde v. California*, 494 U.S. 370, 380

20   (1990)). Even if constitutional instructional error occurred, to find a violation of due process, the

21   error must create a substantial and injurious effect or influence in determining the jury's verdict.

22   *Brecht*, 507 U.S. 619, 637 (1993).

23        On direct appeal, the state appellate court summarily rejected Petitioner's claim of

24   instructional error with a citation to *People v. Reliford*, 29 Cal.4th 1007 (2003). (Lodgment 6 at

25   12.)

26        Contrary to Petitioner's assertion, CALJIC No. 2.50.01 did not incorrectly describe the

27   burden of proof, or permit a conviction upon a standard less than proof beyond a reasonable doubt

28   of every element of the charged crimes. When viewed in its entirety, CALJIC 2.50.01 makes

clear, even if the jury determined Petitioner committed the Arizona offense by a preponderance of

1  the evidence, that finding alone was insufficient to prove beyond a reasonable doubt he committed

2  the charged crimes.  It is highly unlikely the jury concluded if it were to find Petitioner committed

3  another sexual offense by a quantum of proof greater than a preponderance of the evidence, such a

4  finding would be sufficient to prove *beyond a reasonable doubt* Petitioner committed the charged

5  offenses.  Since there was no reasonable likelihood the jury applied the challenged instruction in a

6  way that violates the Constitution, the state appellate court's rejection of Petitioner's claim was not

7  contrary to, or an unreasonable application of, clearly established federal law.

8        Based on the foregoing, Petitioner has failed to meet the heavy burden required by *Estelle*.

9  This Court recommends **DENYING** relief based on claim six of the Petition.

10 **G.**    <u>**Petitioner is not entitled to habeas relief based on claim seven.**</u>

11       In claim seven, Petitioner contends California Evidence Code § 1108 violates his federal

12 constitutional rights to due process and equal protection under the Fifth and Fourteenth

13 Amendments.  (Pet. at 94.)  Mainly, Petitioner argues Evidence Code section 1108 reduces the

14 prosecutor's burden of proving its case beyond a reasonable doubt and increases the likelihood the

15 jury will convict solely on Petitioner's disposition to commit sex offenses.  (Pet. at 94.)

16       Petitioner concedes the California Supreme Court has previously upheld this provision

17 against a due process challenge.  *See People v. Falsetta*, 21 Cal.4th 903, 907.  Additionally,

18 Petitioner cites no federal case law in support of this claim.  The United States Supreme Court has

19 never held the use of a prior sexual offense to show propensity for a similar crime violates due

20 process or equal protection.  In fact, the United States Supreme Court has expressly declined to

21 rule on the constitutionality of the use of propensity evidence.

22       Respondent cites *Garceau* for the proposition that propensity evidence has never been held

23 to violate due process.  *Garceau* held:

24       [T]he Supreme Court has never expressly held that it violates due process to
admit other crimes evidence for the purpose of showing conduct in conformity
25 therewith, or that it violates due process to admit other crimes evidence for other
purposes without an instruction limiting the jury's consideration of the evidence to
26 such purposes.  Indeed, the Supreme Court has expressly declined to answer these
questions, *see Estelle*, 502 U.S. at 75 n.5, ("Because we need not reach the issue,
27 we express no opinion on whether a state law would violate the Due Process Clause
if it permitted the use of 'prior crimes' evidence to show propensity to commit a
28 charged crime.").

1  *Garceau v. Woodford*, 275 F.3d 769, 774 (9th Cir. 2001), *reversed on other grounds,* 538 U.S. 202

2  (2003).

3       Consequently, Petitioner cannot establish the state appellate court's rejection of his due

4  process claim was contrary to or an unreasonable application of, "clearly established Federal law,

5  as determined by the Supreme Court of the United States."  28 U.S.C. §2254(d)(1).

6       Based on the foregoing, it is recommended relief based on claim seven be **DENIED**.

7  **H.**    **Petitioner is not entitled to habeas relief based on claim eight.**

8       In claim eight, Petitioner contends the trial court erred by failing to instruct, as to counts

9  one and two, on the lesser-included offense of attempted rape.  (Pet. at 95-99.)  Petitioner argues

10  "the evidence required that the court instruct with attempted rape as well, for whether all the

11  elements required for a rape offense were met was rather ambiguous."  (Pet. at 95.)  Petitioner cites

12  California case law for the proposition that "[i]t is well established that the trial court has a duty to

13  instruct on a lesser included offense sua sponte where there is 'substantial evidence' to support it,

14  i.e., where evidence has been presented that could raise a reasonable doubt concerning whether all

15  of the elements of the greater offense are present."  (Pet. at 95-96.)  Petitioner acknowledges "the

16  jury certainly could have concluded from [the victim's] testimony that a rape had taken place"

17  (Pet. at 98.)  However, Petitioner alleges the victim's testimony "was less than unequivocal"

18  enabling "reasonable jurors [to conclude] petitioner attempted to rape Ms. Kelly on the front steps

19  of the church, but had not actually met all the elements required for the alleged rapes[.]"  (Pet. at

20  96, 98.)  Petitioner claims the trial court's failure to instruct on attempted rape requires reversal of

21  counts one and two.  There are no federal Constitutional rights or provisions identified in the

22  Petition for this claim.

23       Respondent asserts Petitioner is not entitled to relief on his instructional error claim

24  because (1) Petitioner fails to present a federal question; and (2) there was insufficient evidence to

25  warrant attempted rape instructions.  (Ans. Mem. at 26-27.)  More specifically, Respondent argues

26  claim eight does not present a federal question because there is no federal rule requiring a state

27  trial court to instruct on lesser offenses in a noncapital case.  (Ans. Mem. at 26.)  Respondent relies

28  on *Windham v. Merkle*, 163 F.3d 1092, 1105-06 (9th Cir. 1998), where the Ninth Circuit stated:

1   "[t]he failure of a state trial court to instruct on lesser included offenses in a non-capital case does

2   not present a federal constitutional question."

3          Even if this Court liberally construes the petition to allege that the trial court's failure to

4   instruct the jury on attempted rape deprived Petitioner of due process, the claim still fails.  Under

5   28 U.S.C. § 2254(d)(1), this Court cannot grant Petitioner's habeas petition "with respect to any

6   claim that was adjudicated on the merits" in the state court proceedings unless the state court's

7   decision was "contrary to, or involved an unreasonable application of, clearly established Federal

8   law, as determined by the Supreme Court of the United States."  Although the Supreme Court in

9   *Beck v. Alabama*, 447 U.S. 625, 637-38 (1980), held the due process clause entitles a defendant to

10  an instruction on a lesser-included offense in a capital case, there is no "clearly established law"

11  declared by the Supreme Court that requires giving a lesser-included offense instruction on

12  attempted rape in a non-capital case.  *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000);

13  *Turner v. Marshall*, 63 F.3d 807, 819 (9th Cir. 1995), *overruled on other grounds by Tolbert v.*

14  *Page*, 182 F.3d 677, 685 (9th Cir. 1999).  Thus, this Court cannot say the state appellate court

15  "unreasonabl[y] appli[ed] clearly established Federal law, as determined by the Supreme Court of

16  the United States."  This Court does not reach the issue of insufficient evidence because it finds no

17  federal question has been asserted by Petitioner.

18         Based on the foregoing, Petitioner has failed to meet the heavy burden required by 28

19  U.S.C. §2254(d)(1).  This Court recommends **DENYING** relief based on claim eight of the

20  Petition.

21  **I.     Petitioner is not entitled to habeas relief based on claims nine, ten, and eleven.**

22         In claims nine, ten, and eleven of the Petition, Petitioner contends he was improperly

23  sentenced by the trial court.  (Pet. at 99-104.)  First, Petitioner alleges "[t]he trial court committed

24  sentencing error by subjectively determining to sentence petitioner to the maximum term possible

25  and then working backwards to find reasons that would support its subjective intention."  (Pet. at

26  99.)  Next, Petitioner avers the trial court erred for failing to state the court's sentencing reasons.

27  (Pet. at 102.)  Lastly, Petitioner asserts the "trial court improperly used dual reasons for imposing

28  the upper term for each individual count and also for imposing full strength consecutive terms."

1 (Pet. at 104.)

2    Respondent contends (1) these three claims are procedurally defaulted because Petitioner

3 failed to raise the alleged sentencing errors in the trial court; (2) Petitioner fails to state claims

4 which are cognizable on federal habeas corpus; and (3) the claims fail on the merits.  (Ans. Mem. at

5 29-34.)

6 **1.    Procedural default under the contemporaneous objection rule**

7    When a state court rejects a federal claim based upon a violation of a state procedural rule

8 which is adequate to support the judgment and independent of federal law, a habeas petitioner has

9 procedurally defaulted his claim in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 729-30

10 (1991).  A state procedural rule is "independent" if it is not interwoven with federal law.  *LaCrosse*

11 *v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001).  A state procedural rule is "adequate" if it is "clear,

12 consistently applied, and well-established" at the time of the default.  *Calderon v. United States*

13 *District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).

14    Nevertheless, "a procedural default does not bar consideration of a federal claim on direct or

15 habeas review unless the last state court rendering a judgment in the case clearly and expressly

16 states that its judgment rests on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263

17 (1989)(internal quotation marks omitted).  The Court may still reach the merits of a procedurally

18 defaulted claim if the petitioner can demonstrate cause for the procedural default and actual

19 prejudice resulting from the default, or if the failure of the Court to review the claim would result in

20 a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.

21    To determine whether Petitioner's claim is procedurally defaulted, this Court must look to

22 the state appellate court's decision because it is the last reasoned state court decision.  *See Ylst v.*

23 *Nunnemaker*, 501 U.S. 797, 803 (1991).  The state appellate court ruled Petitioner's sentencing

24 claims were procedurally defaulted because he failed to raise the alleged sentencing errors at the

25 sentencing hearing.  The state appellate court stated in relevant part:

26    Medina contends the trial court erred in sentencing him by: (1) subjectively
    determining to sentence him to the maximum term possible and then working
27    backward to support its subjective intention; (2) failing to state its reasons for its
    various sentencing choices; and (3) improperly imposing the upper term for each
28    count and also imposing full consecutive terms based on the same factors.

1    Medina did not raise any of these objections at the sentencing hearing.

2    * * *

3    Medina's claim that the trial court gave subjective and insufficient reasons
     for its sentencing choices and double-counted a sentencing factor are waived.
4    (Lodgment 6 at 16-17, citations omitted.)

5    Since the state appellate court held this claim procedurally barred under state law, Petitioner

6    must demonstrate cause and prejudice to obtain habeas relief.  Petitioner has demonstrated neither.

7    No explanation is offered for the failure to raise the issues in a timely manner.  Even if this Court

8    liberally construes claims nine, ten, and eleven of the Petition to incorporate by reference

9    Petitioner's independent ineffective assistance of counsel argument set forth in claim four as cause

10   for the procedural default, the claims still fail.  As previously discussed in claim four of this Report

11   and Recommendation, Petitioner fails to establish ineffective assistance of counsel under the

12   standard announced in *Strickland*.  Additionally, Petitioner has not addressed how he was

13   prejudiced by the alleged sentencing errors.  Therefore, claims nine, ten, and eleven are

14   procedurally defaulted.

15                    **2.    *Blakely* and *Cunningham* Claims**

16   In his Traverse to Matters Raised in Respondent's Answer ("Traverse") and his Supplement

17   to the Traverse ("Supplement"), Petitioner contends the sentencing judge violated his constitutional

18   right to a jury trial by engaging in sentence-elevating fact finding during sentencing.  (Traverse at

19   25).  While Petitioner's *Blakely* and *Cunningham* claims are related to claims nine, ten, and eleven

20   insofar that they all allege the trial court erred in some capacity during the sentencing phase, in the

21   new claims Petitioner asserts his Sixth and Fourteenth Amendment rights were violated.  Petitioner

22   relies on the Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and

23   *Cunningham v. California*, 127 S.Ct. 856 (2007), both of which relied heavily on *Apprendi v. New*

24   *Jersey*, 530 U.S. 466 (2000).  (Traverse at 28; Supplement at 3).

25   In *Apprendi v. New Jersey*, a defendant pleaded guilty to two counts of second degree

26   possession of a firearm for an unlawful purpose and one count of third degree unlawful possession

27   of an antipersonnel bomb.  *Apprendi*, 530 U.S. 466, 469 (2000).  The defendant had fired a pistol at

28   a home owned by African-Americans.  *Id.*  During sentencing, the trial judge made a finding that

1  the crime was racially motivated and subsequently applied an enhancement based on a New Jersey

2  hate crime statute. *Id.* at 471. The defendant argued the Sixth Amendment required the finding of

3  bias to be made by a jury. *Id.*

4         The United Stated Supreme Court held the sentence unconstitutional. *Id.* at 497. Having a

5  judge determine facts to authorize an increased sentence by a preponderance of the evidence was an

6  "unacceptable departure from the jury tradition that is an indispensable part of our criminal justice

7  system." *Id. The* Supreme Court set out a bright-line rule stating "other than the fact of a prior

8  conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum

9  must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

10        In *Blakely v. Washington*, the Supreme Court applied the bright line rule of *Apprendi* to

11 Washington's Sentencing Reform Act. *Blakely v. Washington*, 542 U.S. 296, 303 (2004). The

12 defendant in *Blakely* pleaded guilty to a Class B felony that had a maximum sentence of ten years

13 under Washington state law. *Id.* at 299. However, under the WSRA, the applicable sentence for

14 the defendant's specific offense was 49 to 53 months. *Id.* At sentencing, the trial judge found the

15 defendant had acted with deliberate cruelty, an aggravating circumstance justifying a 90 month

16 sentence. *Id.* at 300.

17        The United States Supreme Court found the sentence unconstitutional. *Id.* at 303-04. The

18 Court rejected the argument there was no *Apprendi* violation since the defendant's sentence was

19 less than the 10 year sentence authorized under state law. *Id.* at 303. The Court held "the relevant

20 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely*

21 *on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* Thus, the

22 maximum sentence was the upper 53 month term. *Id.* at 304.

23        In *Cunningham v. California,* the United States Supreme Court applied *Blakely* to

24 California's Determinate Sentencing Law (DSL). *Cunningham v. California*, 127 S.Ct. 856 (2007).

25 Under California's DSL, statutes defining a crime had three possible sentences: an upper, a middle,

26 and a lower term. *Id.* The trial judge was to determine, by a preponderance of the evidence,

27 whether there were aggravating or mitigating circumstances that justified a deviation from a middle

28 term to an upper or lower term sentence. *Id.* at 861. The defendant in *Cunningham* was sentenced

1  to the upper term sentence for his offense based on six aggravating circumstances found by the

2  judge.  *Id.*  The Supreme Court held that the relevant statutory maximum under the DSL was the

3  middle term and it was a violation of *Apprendi* to impose an upper term "on facts found discretely

4  and solely by the judge."  *Id*. at 870-71.

5      In the instant case, Petitioner claims the sentencing judge imposed upper term sentences on

6  the finding of aggravating circumstances in violation of *Blakely* and *Cunningham*.  (Supplement at

7  3.)  The offenses Petitioner was convicted of had a three year lower term, a six year middle term,

8  and an eight year upper term.  Petitioner contends that, under *Blakely* and *Cunningham*, the

9  maximum sentence allowed for each offense was the six year middle term.  (Supplement at 5.)

10      Respondent contends (i) the claims are procedurally defaulted and (ii) any error was

11  harmless.  (Response to Petitioner's Supplement at 2.)

12      **i.      Even assuming Petitioner's *Blakely* and *Cunningham* claims are not**

13      **procedurally barred, Petitioner is not entitled to relief**

14      As noted in the previous section, the Court may still reach the merits of a procedurally

15  defaulted claim if the petitioner can demonstrate cause for the procedural default and actual

16  prejudice resulting from the default.  Petitioner argues, in part, he could not raise the *Blakely* and

17  *Cunningham* claims at sentencing because the cases had not yet been decided.  (Traverse at 33.)

18  Petitioner further argues it would have been futile to do so "since California's statutory [sic] and

19  caselaw unequivocally prescribed judicial factfinding under a preponderance standard."  (Traverse

20  at 33.)

21      However, even assuming for the sake of argument that Petitioner's *Blakely* and

22  *Cunningham* claims have not been procedurally defaulted and have been properly exhausted,

23  Petitioner is not entitled to relief because the instant case falls within an exception to the *Apprendi*

24  rule.

25      **ii.      Petitioner is not entitled to relief since factors relied on by the trial court**

26      **fell under an exception to the *Apprendi* rule**

27      In the instant case, the trial court found the following circumstances in aggravation:  (1) the

28  crime involved planning and stalking; (2) Petitioner was on probation in two cases at the time of the

- 35 -

offense; (3) Petitioner had failed to attend counseling; (4) Petitioner had tested positive for drug use while on probation; (5) the crime involved a threat of rape and bodily harm; and (6) Petitioner's prior convictions.  (Lodgment 4 at 33, 34).

Petitioner contends "most of these factors were not adjudicated by a jury applying a proof beyond a reasonable doubt standard or admitted by petitioner."  (Traverse at 32).  Petitioner further states "except for the prior convictions, petitioner was not provided the procedural safeguards of a jury trial or proof beyond a reasonable doubt."  (Traverse at 31).

In the instant case, while some of the factors the trial court relied on may have required jury findings, the trial court also relied on Petitioner's prior convictions: burglary, peeping, indecent exposure, and vehicle theft.  (Lodgment 4 at 33, 34.)  The *Apprendi* "bright line" rule itself sets outs an exception for prior convictions.  "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000).

Furthermore, even if there were *Apprendi* type errors, the errors were harmless.  Contrary to Petitioner's contentions that *Apprendi* errors are structural, the Supreme Court has held such errors to be subject to a harmless error standard.  *Washington v. Recuenco*, 126 S.Ct. 2546, 2553 (2006) (holding "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error.").  Given the *Apprendi* exception for prior convictions and the fact that Petitioner's prior convictions alone were sufficient to subject Petitioner to the upper terms, the Court **FINDS** the decision to uphold Petitioner's sentence was reasonable and not in violation of *Blakely* or *Cunningham*.

Based on the foregoing, this Court recommends **DENYING** relief based on claims nine, ten, and eleven of the Petition.

## VI.

## CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation and; (2) directing that Judgment be entered denying the Petition.

1    **IT IS ORDERED** that no later than **March 30, 2009** any party to this action may file

2    written objections with the Court and serve a copy on all parties.  The document should be

3    captioned "Objections to Report and Recommendation."

4    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

5    and served on all parties no later than **April 20, 2009**.  The  parties are advised that failure to file

6    objections within the specified time may waive the right to raise those objections on appeal of the

7    Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d

8    1153, 1156 (9th Cir. 1991).

9    **IT IS SO ORDERED.**

10   **DATED: March 3, 2009**

11

12   _____
     **Hon. William McCurine, Jr.**
     **U.S. Magistrate Judge**
13   **United States District Court**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28