1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ANTHONY RAMONA MEDINA,                    CASE NO. 06-CV-1122 JLS (WMc)

12                          Petitioner,        **ORDER: (1) ADOPTING IN FULL
                                               THE REPORT AND**
            vs.                                **RECOMMENDATION, AND (2)**
13                                             **RECOMMENDATION, AND (2)
                                               DENYING THE PETITION FOR**
14   M.S. EVANS, Warden,                       **WRIT OF HABEAS CORPUS**

15                          Respondent.        (Doc. No. 30.)

16

17          Presently before the Court is Anthony Ramona Medina's (Petitioner) petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1 ("Petition")[1].)  The petition challenges the

19   constitutionality of Petitioner's conviction on eleven grounds.  Also before this Court is Magistrate

20   Judge William McCurine, Jr.'s Report and Recommendation (R&R) advising this Court to deny this

21   petition, (Doc. No. 30 ("R&R")) and Petitioner's objections to the R&R.   (Doc. No. 32

22   ("Objections").)  For the following reasons, the Court **ADOPTS** the report and recommendation and

23   **DISMISSES** the petition.

24                               **FACTUAL BACKGROUND**

25          Magistrate Judge McCurine's R&R contains a thorough and accurate recitation of the facts

26   underlying Petitioner's conviction and state court trial.  (R&R, at 2–3.)  Since Petitioner does not

27   challenge the R&R's discussion of the underlying facts, this Order incorporates them by reference.

28
            _____

                   [1]  Pinpoint citations to the petition will refer to the page number assigned by CM/ECF.

**PROCEDURAL HISTORY**

Petitioner filed the instant petition on May 23, 2006, claiming that (1) the trial court inappropriately admitted evidence of a prior uncharged sexual offense,[2] (Petition, at 8–48, & 78–84) (2) he received ineffective assistance of counsel, (Id., at 49–77) (3) the trial court's instructions to the jury were constitutionally deficient,[3] (Id., at 85–94, & 95–99) (4) California Evidence Code section 1108 is unconstitutional, (Id., at 94) and (5) the trial court committed various errors during sentencing.[4] (Id., at 99–106.)  On September 7, 2006, Respondent filed his answer to the petition. (Doc. No. 13 ("Answer").)  Petitioner filed his traverse on January 22, 2007.  (Doc. No. 22 ("Traverse").)  Magistrate Judge McCurine issued his R&R recommending that the Court deny the petition on March 3, 2009.  (Doc. No. 30.)  Petitioner lodged his objections on April 8, 2009. (Doc. No. 32.)

**LEGAL STANDARDS**

**I.      REVIEW OF THE REPORT AND RECOMMENDATION**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation.  "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. 636(b)(1)(c); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

**II.     REVIEW OF HABEAS CORPUS PETITIONS UNDER 28 U.S.C. § 2254**

Magistrate Judge McCurine correctly stated the governing legal standard in his R&R.  (R&R, at 5–6.)  Pursuant to 28 U.S.C. § 2254(a), this Court may only review claims within an application for a writ of habeas corpus based "on the ground that [the Petitioner] is in custody in violation of the

---

[2] Petitioner explained his view that this admission was inappropriate in claims 1, (Petition, at 8–25) 2, (Id., at 26–37) 3, (Id., at 38–48) and 5.  (Id., at 78–84.)

[3] Petitioner sets forth the instructions' alleged deficiency in claims 6 (Petition, at 85–94) and 8.  (Id., at 95–99.)

[4] These alleged errors are detailed in claims 9, (Petition, at 99–101) 10, (Id., at 102–03) and 11.  (Id., at 104–06.)

Constitution or laws or treaties of the United States." Where the Petitioner is "in custody pursuant to the judgment of a State court," this Court may only grant the petition if

> the adjudication of the claim [either] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), federal law must be "clearly established" in order to support a habeas claim. Williams v. Taylor, 529 U.S. 362, 412 (2000). The phrase "clearly established" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Id. A state court decision may be "contrary to" clearly established precedent in two circumstances: (1) "if the state court applies a rule that contradicts the governing law set forth in" decisions of the Supreme Court, or (2) where "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Id., at 405–06.

There are two general instances where a state court decision involves an "unreasonable application" of clearly established federal law. First, a state court unreasonably applies federal law where it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id., at 407. Alternatively, where the state court "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," it has unreasonably applied clearly established law. Id. However, in determining whether either of these cases exists, "[i]t is not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a 'firm conviction' that the state court was 'erroneous.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted). Instead, the application must be "objectively unreasonable." Id., at 76. That is, "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Id., at 75–76 (citations omitted).

Finally, § 2254 authorizes habeas relief where the state court's adjudication of a claim

"resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2).  This provision requires the petitioner to demonstrate by clear and convincing evidence that the factual findings upon which the state court's adjudication of his claims rest are objectively unreasonable.  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

Where the state's highest court did not provide a reasoned decision, the Court "looks through" to the last reasoned state-court decision.  Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991).  Where "the state court supplies no reasoned decision," the Court must "perform an 'independent review of the record' to ascertain whether the state court decision was objectively unreasonable.  Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

# ANALYSIS

Magistrate Judge McCurine found that none of Petitioner's constitutional claims were meritorious.  (See R&R, at 36.)  Petitioner objects to the R&R, arguing, *inter alia*, that it does not properly consider his claims, does not address the proper authority, and does not consider Petitioner's traverse.  The Court has reviewed the R&R *de novo*, considering all pertinent materials, and finds that the petition must be **DENIED**.  Because the Court agrees with R&R's reasoning and conclusions, it **ADOPTS** the R&R **IN FULL**.  Each of Petitioner's objections is addressed in turn.

## I.   THE R&R'S ANALYSIS OF CLAIMS I AND III

Magistrate Judge McCurine found that claims one and three were "identical," and thus addressed them together.  (R&R, at 10.)  Since Petitioner does not dispute this characterization, they will be addressed together here.  In claim one, Petitioner argues that the trial Court erred by admitting evidence of a prior uncharged sexual offense under California Evidence Code § 1108.[5]  (Petition, at

---

[5] California Evidence Code § 1108 provides, in part: "(a) In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."  Section 1108 defines "sexual offense" as "a  crime under the law of a state or of the United States that involved any of the following: (A) Any conduct proscribed by Section 243.4, 261, 261.5, 262, 264.1, 266c, 269, 286, 288, 288a, 288.2, 288.5, or 289, or subdivision (b), (c), or (d) of Section 311.2 or Section 311.3, 311.4, 311.10, 311.11, 314, or 647.6, of the Penal Code."

8.)  Claim three complains that the trial court should have, but failed to, determine whether the prior

uncharged sexual offense was one of the offenses specifically enumerated by § 1108.  (Petition, at 53.)

Petitioner argues that this statute was "misappli[ed] and misinterpret[ed]" by the trial court,

prosecution, and defense.  (Objections, at 2.)  According to Petitioner, their view was that § 1108

"'allows any and all,' sexual offenses," not just those enumerated by the statute.  (Id.)  He claims that

his prior behavior constituted lewd conduct rather than indecent exposure, and therefore should not

have been admitted.  (Id.)  In Petitioner's view, this amounts to a violation of his Sixth Amendment

rights.  (Petition, at 24.)  The R&R concluded that these claims were barred by procedural default

under the contemporaneous evidence rule.  (R&R, at 11–15.)

According to the United States Supreme Court, a state court's rejection of a federal claim

based upon a procedural "state law ground that is independent of the federal question and adequate

to support the judgment," bars a habeas petitioner's assertion of that claim in federal court.  Coleman

v. Thompson, 501 U.S. 722, 729 (1991).  Even if a claim is procedurally defaulted, a federal court may

still consider that claim if "the prisoner can demonstrate cause for the default and actual prejudice as

a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice."  Id., at 750.

### A.    Procedural Default Under the Contemporaneous Objection Rule

Petitioner's objections challenge the R&R's finding that the "contemporaneous objection rule

is an adequate bar to federal habeas relief."[6]  (Objections, at 2–3; R&R, at 12.)  He argues that the

contemporaneous evidence rule is not "consistently applied," and therefore he should not be

prejudiced by having failed to comply with it.  (Id., at 3.)  In support of this proposition, Petitioner

cites Melendez v. Pliler, 288 F.3d 1120 (9th Cir. 2002).  In that case, petitioner's trial counsel

"asserted her objections in a sufficiently complete and timely fashion" but "the trial court in its

discretion declines to consider it on the merits."  Id., at 1125–26.  The Ninth Circuit held that

"California law applicable to [that particular] circumstance[] . . . is [not] so 'clear, consistently

applied, and well-established' as to erect a procedural bar to consideration of a federal constitutional

---

[6]  Because Petitioner has not objected to the R&R's conclusion that the California Court of Appeal clearly and expressly rested its judgment on the state procedural bar, it is adopted as not clearly erroneous.  (R&R, at 12.)

1  claim." Id., at 1126.  Specifically,

2  Petitioner likens this case to Melendez.  He argues that "trial counsel 'strenuously objected to

3  the admission of Petitioner's Arizona offense,' including (sic) the ground that '[t]here's no similarity

4  [between the charged and uncharged offense] except for they are categorized (sic) as sexual

5  offenses.'"  (Objections, at 3 (citing R&R, at 13; Petition, at 18; Traverse, at 13).)  He claims that the

6  trial court and the prosecutor concluded that § 1108 permits the admission of evidence of any sexual

7  offense.  (Id.)  Therefore, according to Petitioner, his lawyer "had no choice but to accept [this

8  interpretation] and move on," and his counsel's failure to object should be excused as "futile."  (Id.)

9  This is incorrect for several reasons.  First, the contemporaneous objection rule is "clear,

10  consistently applied, and well-established" in cases such as this one, where the objection was not

11  actually raised at trial.  The Ninth Circuit has explicitly so held on multiple occasions.  See, e.g.,

12  Melendez, 288 F.3d at 1125 (citing Garrison v. McCarthy, 653 F.2d 374, 377 (9th Cir. 1981)); Davis

13  v. Woodford, 384 F.3d 628, 654 (9th Cir. 2004).

14  Further, Petitioner's analogy to Melendez is inapposite.  In Melendez, counsel objected to the

15  admission of evidence but that objection was not considered by the trial court.  Melendez, 288 F.3d

16  at 1123–24, & 1125.  Although Petitioner's trial counsel objected to the admission of this evidence

17  based on its relevance and potential prejudice, she did not object on the ground that it was outside the

18  scope of California Penal Code § 314.  (Doc. No. 35, Lodgment No. 1 ("Appeal Opinion"), at 5–7.)

19  The contemporaneous objection rule requires that "the specific ground of the objection" be made

20  clear.  Cal. Evid. Code § 353; see also Davis, 384 F.3d at 654 (rejecting the petitioner's constitutional

21  argument because at trial he only raised an evidentiary objection).  Petitioner's counsel's objections

22  failed to even suggest that this evidence would be inadmissible under § 1108.

23  Finally, Petitioner's claim that there is no procedural default is incorrect.  The California Court

24  of Appeal specifically based its ruling on this issue on a finding of procedural default.  (Appeal

25  Opinion, at 5.)  This finding is not contrary to nor an unreasonable application of clearly established

26  Federal law.  The Court of Appeal found that Petitioner's counsel conceded at trial that this offense

27  was covered under § 314.  (Id.)  Although the petition correctly notes that the phrases "lewd conduct"

28  and "indecent exposure" were used interchangeably, (Petition, at 19) Petitioner's counsel nonetheless

conceded that, however labeled, this conduct fell under § 314. (Lodgment No. 1, vol. 1, at 33:16–18 ("I don't see how - - and just see, you know, the facts of the 314 are masturbating in public or indecent exposure. That's why it's indecent exposure. I don't see how that is relevant to a violent rape with a gun.").) Moreover, Petitioner provides no support for his claim that an objection would have been futile. (Objections, at 3.) The transcript suggests that the trial court might have been amenable to an objection on this ground. (Lodgment No. 1, vol. 1, at 52.) However, it was never able to consider Petitioner's argument because he never raised it. (See, e.g., id., at 33.) Thus it is clear that this default is not excusable based on futility.

Since the contemporaneous objection rule has been held to be an adequate bar in situations such as this, and since Petitioner's counsel actually defaulted this claim based on her concession and failure to object based on the ground raised in this Petition, the Court finds that Petitioner procedurally defaulted his claim.

**B.      Petitioner Has Not Shown Cause for the Procedural Default**

Petitioner also appears to object to the R&R's conclusion that he has not shown cause permitting this Court to reach the merits of his defaulted claim. (Objections, at 2–5.) As previously noted, even where a party has procedurally defaulted a claim, if the petitioner can demonstrate cause for that default and prejudice resulting therefrom, this Court may consider the otherwise defaulted claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991); R&R, at 11.   "The one exception to [this] rule . . . is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that . . . failure to review his federal claim will result in a fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). The Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default." Id. It has, however, "acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice." Id. (citing Murray v. Carrier, 477 U.S. 478, 488–89 (1986)). Magistrate Judge McCurine found that Petitioner had not shown cause and therefore declined to reach the issue of prejudice. (R&R, at 15.)

Petitioner does not explicitly set forth any ground that could serve as "cause" for his procedural default and only, in brief, asserts that failure to consider his claim would result in a fundamental miscarriage of justice. (Objections, at 5.) Magistrate Judge McCurine mined the petition

for potential sources of cause.  (R&R, at 13.)  He noted that Petitioner has alleged ineffective assistance of counsel, and appears to argue that his counsel should have objected to the admission of this evidence.  (Id.)  Thus, as stated by the Supreme Court, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default."  Murray, 477 U.S. at 488 (citation omitted).

Petitioner appears to misunderstand the R&R's invocation of Strickland.  He objects to what he views as the "impos[ition of] a dual burden . . . by requiring the claim to overcome both the 'STRICKLAND test' and 'the heavy burden set forth in COLEMAN.'" (Objections, at 2 (citing R&R, at 13 & 15) (capitalization in original.).)  In spite of Petitioner's claims, Magistrate Judge McCurine clearly understood that Coleman governs whether Petitioner's arguments are foreclosed.  (R&R, at 13–14.)  Thus, when determining whether Petitioner had shown cause under Coleman, the R&R properly applied the standards set forth in Strickland, as required by the Supreme Court.  (Id., at 13–15.)

In the absence of any other ground on which this Court could find "cause" under Coleman, it adopts the R&R's Strickland analysis.  Petitioner has not shown that the California Court of Appeal's decision was contrary to or unreasonably applied federal law because the characterization of whether or his prior misconduct was "a factual question for the jury to decide."  (Doc. No. 35, Lodgment No. 2 ("Cal. Habeas Order"), at 2.)  Further, this Court declines to consider whether Petitioner has established prejudice under Coleman.  Such an inquiry is moot because Petitioner has not shown cause, and without a showing on both prongs, Petitioner cannot prevail.  Coleman, 501 U.S. at 750.

The only remaining issue is whether failure to consider Petitioner's claim would result in a fundamental miscarriage of justice.  Petitioner appears to argue that a miscarriage of justice would occur without consideration of this claim.  (Objections, at 5.)  The Supreme Court has noted that "for the most part, 'victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard.'"  Murray, 477 U.S. at 495–96.  However, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."  Id., at 496.  Since the petition does not show that Petitioner was probably innocent, but convicted as a

1    result of a constitutional violation, he has not demonstrated that failure to entertain this claim would

2    result in a fundamental miscarriage of justice.  Therefore, the Court **ADOPTS** the R&R with respect

3    to claims one and three of the petition and **DENIES** relief based on those claims.

4    **II.      WHETHER THE R&R RELIED ON THE PROPER AUTHORITY WHEN EVALUATING CLAIM II**

5            Claim two of the petition also deals with the trial court's admission of his indecent exposure

6    in Arizona.  Petitioner claims that this violated his due process or equal protection rights because the

7    Arizona incident occurred after the rape for which he was on trial in California.  (Petition, at 26–37.)

8    Magistrate Judge McCurine found that "Petitioner [had] not sufficiently established a due process

9    violation because the state appellate court's ruling was not 'contrary to, or involved an unreasonable

10   application of, clearly established Federal law as determined by the Supreme Court of the United

11   States.'"  (R&R, at 18.)

12           Petitioner objects to this finding.  (Objections, at 5–8.)  He claims that Magistrate Judge

13   McCurine did not "consider the appropriate persuasive authority."  (Id., at 5.)  Further, Petitioner

14   argues that even if the Court determines that the state court's decision was not contrary to or an

15   unreasonable application of federal law, this "claim deserves 'plain error' review."  (Id., at 7.)  The

16   Court disagrees with Petitioner on both grounds.

17           Attempting to persuade this Court, Petitioner claims that "in the absence of any 'persuasive

18   authority, if the occasion has not risen for [the Ninth] Circuit to reach a question, we may draw clearly

19   established law from other Circuits."  (Objections, at 5 (quoting Hydrick v. Hunter, 500 F.3d 978, 989

20   (9th Cir. 2007)) (unclosed quotation in original).)  He argues that this standard allows the Court to rely

21   on   United States v. Wright, 53 M.J. 476 (C.A.A.F. 2000), for this "clearly established" law.

22   (Objections, at 6.)

23           Petitioner is wrong.  A review of the statutory grounds on which a petition may be granted is

24   helpful to show why.  Congress has set the parameters within which federal courts review habeas

25   petitions.  Habeas relief is only permitted where the state court "adjudication of the claim . . . resulted

26   in a decision that was contrary to, or involved an unreasonable application of, clearly established

27   Federal law, *as determined by the Supreme Court of the United States.*"[7]  28 U.S.C. § 2254(d)

28
_____

[7] Relief is also permitted under 28 U.S.C. § 2254(d)(2), but that provision is not at issue here.

(emphasis added). "Clearly established," in the context of a habeas petition, "refers to the holdings, as opposed to the dicta, of [the *Supreme*] *Court's* decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000) (emphasis added). Thus, as recognized in the R&R, Wright cannot qualify as clearly established law because it is not a Supreme Court decision. Van Tran v. Lindsey, 212 F.3d 1143, 1154 (9th Cir. 2000) overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63 (2003); R&R, at 16.

Hydrick does not allow this Court to ignore the law, because it addresses an entirely different legal question. Hydrick involved claims of qualified immunity in a suit under 42 U.S.C. § 1983. Hydrick, 500 F.3d at 989. Whether a governmental officer has qualified immunity also turns on whether a law is "clearly established." Id., at 988–89. However, whether a law is "clearly established" for qualified immunity is a fundamentally different inquiry from whether it is "clearly established" for habeas purposes. Williams, 529 U.S. at 380 n.12 ("We will not assume that in a single subsection of an amendment entirely devoted to the law of habeas corpus, Congress made the anomalous choice of reaching into the doctrinally distinct law of qualified immunity for a single phrase that just so happens to be the conceptual twin of a dominant principle in habeas law of which Congress was fully aware."). Therefore, the standard for "clearly established" in Hydrick is inapplicable to Petitioner's habeas claim.

Petitioner's due process claim, as identified by the R&R, also fails. The Ninth Circuit has held that there is no clearly established due process right to the exclusion of propensity evidence. Alberni v. McDaniel, 458 F.3d 860, 867 (9th Cir. 2006). Thus, like the Ninth Circuit in Alberni, this Court "cannot conclude that the [California Court of Appeal] acted in an objectively unreasonable manner in concluding that the propensity evidence introduced against [Petitioner] did not violate due process." Id., at 866. However, even if this case falls outside the holding of Alberni, relief is still not warranted.

In that event, the proper standard, as identified in the R&R, would be Jammal v. Van de Kamp, 926 F.2d 918 (9th Cir. 1991), because the question would be whether this case violates general principles of due process. (See R&R, at 18.) Under Jammal, "[o]nly if there are no permissible inferences the jury may draw from the evidence can its admission violate due process." Id., at 920. Petitioner's propensity to commit sexual offenses was a "permissible inference" to be drawn from this

1    evidence.[8]  As the R&R properly concluded, the state court decision was not contrary to, or an

2    unreasonable application of Federal law.  (Id.)

3        Petitioner also asks the Court to conduct "plain error" review of the trial court's actions.

4    (Objections, at 7.)  However, the cases cited by Petitioner are direct criminal appeals from trials in

5    federal court.  E.g. United States v. Mendoza, 244 F.3d 1037 (9th Cir. 2001).  As discussed above, the

6    only standard of review permitted for habeas petitions is that authorized in § 2254(d).  Further, to the

7    extent that Petitioner asks this Court to reverse his conviction simply because of a violation of state

8    law, it cannot do so.  State law errors are not cognizable grounds for habeas relief unless they also

9    violate a federal law or right.  See, e.g. Estelle v. McGuire, 502 U.S. 62, 71–72 (1991).

10       Since the decision of the California Court of Appeal on this issue was not contrary to or an

11   unreasonable application of federal law, the Court **DENIES** relief based on this ground.

12   **III.   THE ADEQUACY OF PETITIONER'S TRIAL COUNSEL'S PERFORMANCE**

13       Magistrate Judge McCurine next found that Petitioner is not entitled to relief based on

14   ineffective assistance of counsel.  (R&R, at 19–24.)  Claim four of the petition argued that Petitioner's

15   counsel was ineffective because she (1) did not object to the admission of his sexual offense in

16   Arizona, (2) did not object to the jury instructions, and (3) did not object to the trial court's alleged

17   errors in sentencing.  (Petition, at 49–77.)

18       The R&R recommends denying this claim because Petitioner's counsel did not perform at a

19   constitutionally deficient level.  It concludes that Petitioner's counsel acted reasonably when not

20   objecting to the admission of the Arizona offense and not objecting to the trial court's alleged

21   sentencing errors.  (R&R, at 20–21.)  As for the jury instructions, the R&R determined that Petitioner

22   had not shown prejudice for failing to object.  (Id., at 23–24.)  Thus, it recommends denying this claim

23   for relief.  (Id., at 24.)

24       Petitioner objects to these conclusions.  (Objections, at 8–12.)  He claims that the R&R did not

25

26       [8]  Petitioner argues that, based on Gibson v. Ortiz, 387 F.3d 812 (9th Cir. 2004), propensity
     is not a permissible inference.  (Objections, at 7–8.)  He also raises the possibility that his jury
27   instructions were infirm.  (Id.)  Neither argument is meritorious.  Gibson never held that propensity
     is an impermissible inference.  It instead found a combination of two jury instructions violated the
28   petitioner's due process rights.  Gibson, 387 F.3d at 822.  In this case, the jury in this case was given
     an updated version of those instructions which cure the constitutional defect identified in Gibson.  See
     People v. Falsetta, 986 P.2d 182 (Cal. 1999).

1   assess his counsel's performance as a whole.  (Id., at 8–10.)  He then argues that the trial court should

2   have determined whether his Arizona offense constituted indecent exposure, and that the admission

3   of the Arizona offense was improper as propensity evidence.  His objections further claim that he was

4   prejudiced by this supposedly deficient performance.

5        The Court finds that Petitioner has not made an adequate showing that his counsel was

6   constitutionally deficient.  The proper framework within which to analyze these claims is that set forth

7   by Strickland v. Washington, 466 U.S. 668 (1984); see also R&R, at 19.  "The benchmark for judging

8   any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning

9   of the adversarial process that the trial cannot be relied on as having produced a just result."

10  Strickland, 466 U.S. at 686.  This requires the petitioner to make two separate showings.  First, he

11  must demonstrate that "counsel's representation fell below an objective standard of reasonableness,"

12  or "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . .  by the

13  Sixth Amendment."  Id. at 687–88.  However, this Court may not second-guess petitioner's counsel

14  with the benefit of hindsight, but rather must assess whether petitioner's counsel's choices were

15  reasonably competent.  Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998); see also Yarborough

16  v. Gentry, 540 U.S. 1, 8 (2003) (reasonable competence does not require perfection).  This assessment

17  occurs in the context of a "strong presumption that counsel's conduct falls within the wide range of

18  reasonable professional assistance."  Strickland, 466 U.S. at 689.  Petitioner must also "show that the

19  deficient performance prejudiced the defense," and "deprive[d] the [petitioner] of a fair trial, a trial

20  whose result is reliable."  Id. at 687.  Put another way, he must demonstrate "a reasonable probability

21  that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

22  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at

23  694.  Unless the petitioner "makes both [of these] showings, it cannot be said that the conviction . .

24  . resulted from a breakdown in the adversary process that renders the result unreliable."  Id. at 687.

25        Even taking Petitioner's claimed errors in aggregate, his trial counsel still provided

26  constitutionally effective representation.  "Although no single alleged error may warrant habeas

27  corpus relief, the cumulative effect of errors may deprive a petitioner of the due process right to a fair

28  trial."  Karim v. Calderon, 283 F.3d 1117, 1132 (9th Cir. 2002). That, however, is not the case here.

As discussed in the R&R, Petitioner's counsel did not act deficiently and Petitioner did not suffer

1    prejudice.  That is, there is no "reasonable probability" that, had counsel acted differently, the result

2    of his proceeding would have changed.

3        Petitioner's objections do not change this conclusion.  For example, his claim that the trial

4    court should have determined whether the Arizona offense constituted indecent exposure is incorrect.

5    The cases on which he relies do not involve the use of prior convictions as propensity evidence.  The

6    California Court of appeal held that "the Arizona offense constituted indecent exposure was a factual

7    question for the jury to decide."  (Cal. Habeas Order, at 2).)  This Court is bound to accept that

8    interpretation of state law, given that it does not appear to be mere "subterfuge."  Butler v. Curry, 528

9    F.3d 624, 642 (2008).  In light of this law and the specific instruction to the jury that it was to decide

10   whether the Arizona offense constituted indecent exposure, counsel's failure to object was sound trial

11   strategy.  Strickland, 466 U.S. at 689.  Further, given the overwhelming evidence against Petitioner,

12   including the victim's testimony and his DNA collected from the victim's body, and the relative

13   triviality of the alleged "inconsistencies," it is not reasonably probable that the exclusion of this

14   evidence would have resulted in a different outcome.  Thus, the California Court of Appeal did not

15   unreasonably apply clearly established federal law when denying Petitioner's claim.

16       Petitioner's other arguments are equally unavailing.  His claim that the admission of propensity

17   evidence is improper is simply wrong.  Petitioner's cases are not on point.  Some of them involve

18   admission of propensity evidence in federal criminal matters, the law of which does not apply to

19   Petitioner's criminal trial.  See, e.g., White v. U.S., 294 F.2d 952 (1961); Objections, at 10.  Other

20   cases were decided prior to the enactment of section 1108.  See, e.g., People v. Alcala, 36 Cal. 3d 604

21   (1984).  And none of these cases are clearly established federal law demonstrating that the admission

22   of propensity evidence is unconstitutional.  Regardless of Petitioner's claims, California law makes

23   a specific exception to the general prohibition of propensity evidence for evidence within the scope

24   of section 1108.  Cal. Evid. Code § 1101(a) ("Except as provided in this section and in Sections 1102,

25   1103, 1108, and 1109" (emphasis added)).  Further, the Supreme Court has specifically reserved the

26   question of whether the admission of propensity evidence violates due process.  McGuire, 502 U.S.

27   62, 75 n.5 (1991).  Given that there would be no legal support for the objections suggested by

28   Petitioner, he has not demonstrated ineffective assistance.

        This Court's de novo review of the pertinent materials in this case have made clear that the

1   R&R is correct with regard to claim four.  Because Petitioner has not shown unreasonable

2   performance or prejudice, he has not demonstrated that his counsel was constitutionally ineffective

3   under the principles of <u>Strickland</u>.  This Court must, therefore, conclude the California Court of

4   Appeal's decision was not contrary to, or an unreasonable application of, clearly established federal

5   law.  The R&R is **ADOPTED** and the Court **DENIES** relief as to claim four.

6   **IV.    WHETHER THE CONTEMPORANEOUS OBJECTION RULE BARS CLAIM V**

7          Claim five of the petition argues that the trial court abused its discretion under California

8   Evidence Code § 352 by not considering whether the offense qualified for admission under Evidence

9   Code § 1108.  (Petition, at 78–84.)  The California Court of Appeal found that this claim had been

10  procedurally defaulted because Petitioner did not raise this objection at trial.  (Appeal Opinion, at

11  6–7.)  The R&R evaluated this holding and determined that it was neither contrary to nor an

12  unreasonable application of clearly established law.  (R&R, at 25–27.)

13         Petitioner objects on several grounds.  He first argues that the contemporaneous objection rule

14  should not bar consideration of his claims under <u>Melendez</u> because his counsel objected at trial.

15  (Objections, at 12.)  Next, he claims that counsel's failure to object should be excused because

16  objection would have been futile.  (<u>Id.</u>, at 13.)  Finally, Petitioner contends that the trial court

17  unreasonably applied clearly established federal law by not engaging in a balancing analysis under

18  California Evidence Code § 352.  (<u>Id.</u>, at 13–14.)

19         The Court finds these objections unpersuasive.  As discussed above and in the R&R, the

20  contemporaneous evidence rule is an adequate bar to habeas relief in cases such as this one.  <u>See, e.g.</u>,

21  <u>Melendez</u>, 288 F.3d at 1125 (citing <u>Garrison v. McCarthy</u>, 653 F.2d 374, 377 (9th Cir. 1981)); <u>Davis</u>

22  <u>v. Woodford</u>, 384 F.3d 628, 654 (9th Cir. 2004).  As Petitioner acknowledges, his counsel never

23  objected to the admission of this evidence on the ground raised here.  (Objections, at 12–13.)  The

24  contemporaneous evidence rule requires that "the specific ground of the objection" be made clear.

25  Cal. Evid. Code § 353.  Counsel's relevance objection is significantly different from issue of whether

26  the Arizona conduct was admissible under § 1108.   Moreover, counsel conceded that Petitioner's

27  conduct satisfied the requirements of § 314 and thus was generally admissible under § 1108.

28  (Lodgment No. 1, vol. 1, at 33:16–18.)

           Further, as previously discussed, Petitioner provides no support for his claim that an objection

would have been futile. (Objections, at 12–13.) The cited statements of the trial court do not indicate, as Petitioner claims, an unwillingness to consider this argument. They merely reflect the court's conclusion given defense counsel's arguments. Given that those conclusions were reached without an opportunity to consider Petitioner's present argument, it is not at all obvious that advancing this argument would have been "futile." The failure to advance an argument does not thereby demonstrate the futility of raising that argument.

Finally, Petitioner's citations do not demonstrate an unreasonable application of federal law. Petitioner cites the Ninth Circuit case of United States v. McCourt, 925 F.2d 1229 (9th Cir. 1991), cert. denied 502 U.S. 837 (1991). In that case, the Ninth Circuit discussed "whether 'bad act' or 'other crimes' evidence offered by an accused party in a criminal case to show that a third party acted in conformity with the prior act and was therefore likely the guilty party is excludable under Fed.R.Evid. 404(b)." Id., at 1231. It did not, however, set forth any binding principles that would apply to a California court's application of California evidentiary rules. More importantly, it does not discuss any "clearly established" federal law for habeas purposes and cannot serve as a basis for a finding that the California Court of Appeal unreasonably applied federal law.[9]

In sum, the R&R properly identifies the relevant law and issues with regards to claim five and arrives at the correct conclusion. The California Court of Appeal's decision finding that Petitioner's claim was procedurally defaulted is not contrary to nor an unreasonable application of federal law. Further, Petitioner has not shown cause for this Court to disregard that default,[10] or that failure to consider this claim would result in a fundamental miscarriage of justice. Therefore, the R&R is **ADOPTED** with respect to claim five and relief based on that claim is **DENIED**.

//

//

---

[9] Petitioner's citations to Van Tran v. Lindsey and Falsetta are irrelevant to whether the Court of Appeal's decision is contrary to or an unreasonable application of clearly established federal law. (Objections, at 13–14.) Falsetta does not help petitioner because even if the trial court should have, under state law, engaged in a multi-factored balancing test, state law errors are not cognizable grounds for habeas relief unless they also violate a federal law or right. Van Tran also does not help Petitioner because (1) it did not create a balancing test as Petitioner suggests, and (2) it was overruled by the Supreme Court in Andrade. Andrade, 538 U.S. at 71.

[10] Because Petitioner has not shown cause to disregard the default, an analysis of whether he has demonstrated prejudice is unnecessary because it would not change the conclusion of this analysis.

1  **V.      THE R&R CORRECTLY ANALYZED CLAIM VI**

2        Petitioner's sixth claim presented in the petition is that the trial court erred when instructing

3  the jury with the 2002 revision of CALJIC No. 2.50.01. (Petition, at 86.) The R&R concluded that,

4  under Estelle v. McGuire, this instruction was not unconstitutional. (R&R, at 27–29.) The Court finds

5  that the R&R correctly reviews the law and facts at issue here and therefore **ADOPTS** it in full with

6  respect to claim six.

7        Petitioner objects, arguing that the R&R failed to consider the arguments contained in his

8  Traverse. (Objections, at 14–17.) Particularly, he cites to the Ninth Circuit's decision in Gibson v.

9  Ortiz, 387 F.3d 812 (9th Cir. 2004), for the proposition that his conviction was unconstitutional

10 because it allowed the jury to convict him by a lesser standard than "beyond a reasonable doubt."

11 (Objections, at 15–16.) The argument is that "the jury [was] never told how to apply an inapt

12 'specific' instruction, leading one to conclude that the general standard controlled the specific

13 standard." (Objections, at 15.)

14       The Court finds Petitioner's objections unpersuasive. In this case, the specific instruction and

15 the general instruction agreed that, in order to convict Petitioner, the jury must find guilt beyond a

16 reasonable doubt. Gibson is not to the contrary. That case addressed an older version of CALJIC No.

17 2.50.01. Gibson, 387 F.3d at 822. The problem with those instructions was that "[i]n light of the

18 record as a whole, [the court] would be hard-pressed to imagine how a reasonable juror would not be

19 led to believe that he could convict . . . solely on the basis of the prior uncharged sex offenses." Id.,

20 at 824. This case does not have that problem. As stated above, the jury in this case was instructed

21 with an updated version CALJIC No. 2.50.01. Unlike the 1996 version discussed in Gibson, the

22 instructions given to Petitioner's jury contained the following additional passage:

23       However, if you find by a preponderance of the evidence that the defendant
         committed a prior sexual offense, that is not sufficient by itself to prove beyond
24       a reasonable doubt that he committed the charged crimes. If you determine an
         inference properly can be drawn from this evidence, this inference is simply one
25       item for you to consider, along with all other evidence, in determining whether
         the defendant has been proved guilty beyond a reasonable doubt of the charged
26       crime.

27 (Lodgment No. 1, vol. 3, at 610–11; Lodgment No. 2, at 108.) This added language made it

28 absolutely clear that the jury needed to find Petitioner's guilt beyond a reasonable doubt. As such,

the instruction challenged by Petitioner is consistent with the more general instruction requiring

1    proof beyond a reasonable doubt.[11]

2         Petitioner's argument that since his Arizona offenses were already proven beyond a

3    reasonable doubt the jury could have convicted him only on this propensity evidence is off base.

4    (Objections, at 15–16.)  The burden of proof for the propensity evidence in this case was clearly

5    stated: "a preponderance of the evidence."  (Lodgment No. 1, vol. 3, at 611.)  That Petitioner had

6    been found guilty beyond a reasonable doubt in another proceeding is irrelevant.  The instructions

7    did not imply that finding that Petitioner committed a prior sexual offense by some greater burden

8    would allow the jury to convict him on that fact alone.  Nor did the jury instructions require the

9    jury to find that Petitioner had a propensity to commit sexual offenses.  The "if" clauses in the jury

10   instructions only permit, not require, a propensity inference where the other offense is proven.

11   Thus, contrary to Petitioner's assertion, the fact that he had been convicted of the Arizona offenses

12   does not make these instructions unconstitutional.

13        Having reviewed all of Petitioner's objections, the Court agrees with the R&R's analysis of

14   this claim.  The challenged jury instruction did not permit Petitioner's conviction by less than

15   proof beyond a reasonable doubt.  There is no reasonable likelihood that the jury disregarded the

16   instruction's plain meaning and instead concluded that it could convict Petitioner based solely on

17   the Arizona offenses being proven beyond a reasonable doubt in a separate proceeding.  Therefore,

18   the California Court of Appeal's decision was neither contrary to, nor an unreasonable application

19   of, clearly established federal law.  The Court **DENIES** relief on claim six.

20   **VI.    THE R&R IS CORRECT AND CONSIDERS THE PROPER AUTHORITIES ON CLAIMS IX, X,**

21   **        AND XI**

22        Petitioner's final objections are to the R&R's conclusions on claims nine, ten, and eleven.

23   Those claims take issue with the trial court's actions in sentencing.  Claim nine complains that the

24   "trial court committed sentencing error by subjectively determining to sentence petitioner to the

25   maximum term possible, and then working backwards to find reasons that would support its

26   subjective intention."  (Petition, at 99–101.)  Claim ten argues that the trial court erred by failing

27

28        [11] The prosecutor's closing arguments do not change this conclusion.  Unlike the prosecutor
     in Gibson, the prosecutor in this case never indicated that the jury could convict Petitioner solely
     based on the inferences springing from his Arizona conviction.

1   to state the reasons behind petitioner's sentencing.  (Petition, at 102—03.)  And claim eleven

2   objects to the trial court "improperly us[ing] dual reasons for imposing the upper term for each

3   individual count and for imposing full strength consecutive terms."  (Petition, at 104–06.)  Further,

4   Petitioner argues that his sentence was impermissibly increased based on facts found by the

5   sentencing judge.  (Traverse, at 21–27.)

6          Magistrate Judge McCurine found that these claims do not merit relief for two reasons.

7   Judge McCurine found that claims nine, ten, and eleven have been procedurally defaulted. (R&R,

8   at 32–33.)  He also found that any sentencing error based on judicial fact-finding was harmless.

9   (Id., at 33–36.)  Therefore, the R&R recommends that Petitioner's claims be denied.

10         Petitioner's objections raise two issues.  First, Petitioner argues that the contemporaneous

11   objection rule does not bar his claim because it is not consistently applied by California Courts in

12   this situation.  (Objections, at 18–19.)  Second, he claims that the R&R improperly applied the rule

13   of Apprendi v. New Jersey, 530 U.S. 466 (2000), by finding that any sentencing error was

14   harmless.  (Objections, at 19–20.)

15         The Court finds that the R&R properly identified and applied the relevant law.  Therefore

16   the R&R is **ADOPTED** as to claims nine, ten, and eleven.  Petitioner's sentencing error claims are

17   both procedurally barred and lack merit.  As the R&R identified, the California Court of Appeal

18   held these claims to be procedurally barred.  (R&R, at 32–33.)  Petitioner's claim that the

19   procedural default rule is not consistently applied is simply incorrect.  The Ninth Circuit has found

20   that where no objection is made, procedural default is a valid bar to a federal habeas claim.  See,

21   e.g., Davis v. Woodford, 384 F.3d 628, 653–54 (9th Cir. 2004); Paulino v. Castro, 371 F.3d 1083,

22   1092–93 (9th Cir. 2004); Vansickel v. White, 166 F.3d 953, 957–58 (9th Cir. 1999).  In this case,

23   Petitioner did not make a contemporaneous objection on any of these grounds, and his counsel's

24   argument that he should "receive the mid term concurrently" is not an objection to the trial court's

25   sentencing reasoning or procedure.  (Appeal Opinion, at 16.)

26         Neither does Petitioner demonstrate that the procedural default rule is inconsistently

27   applied.  He cites a single footnote in People v. Williams, 17 Cal. 4th 148, 161 n.6 (1998), for the

28   proposition that a court of appeal has the authority to independently review sentencing errors.

However, Williams adhered to the rule set forth in People v. Scott, 9 Cal. 4th 331, 353 (1994), that

"the waiver doctrine . . . appl[ies] to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices."  Moreover, as the Court of Appeal opinion in this case made clear, Williams "presented unusual circumstances not present in this case," and Petitioner's "claims are the type of claims Scott expressly holds must be raised in the trial court." (Appeal Opinion, at 17–18.)  The procedural default rule is not inconsistently applied simply because courts of appeal retain the discretion to address the issue.  See Carpenter v. Ayers, 548 F.Supp. 736, 748 (N.D. Cal. 2008).

Next, even if Petitioner's Apprendi claim were not procedurally barred it would still fail. (R&R, at 33–36.)  As properly stated in the R&R, the United States Supreme Court has held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  For purposes of California's Determinate Sentencing Law (DSL), the Supreme Court has held that "the middle term specified in California's statutes, not the upper term, [is] the relevant statutory maximum."  Cunningham v. California, 549 U.S. 270, 293 (2007).  In this case, Petitioner was sentenced to the upper term based on facts found by the trial court, including that the crime involved planning and stalking, (Lodgment No. 1, vol. 4, at 658:19–24) that Petitioner was on probation in two cases at the time of the offense, (Id., at 658:25–26) that Petition failed to attend counseling, (Id., at 658:26–27), that petitioner tested positive for drug use while on probation, (Id., at 658:27–659:1) that the crime involved threat of rape and bodily harm, (Id., at 659:1–2) and Petitioner's prior convictions.  (Id., at 658:21–24.)

Petitioner argues that the Apprendi line of decisions create a bright-line rule that, if the judge engages in any impermissible fact-finding, the sentence is invalid.  (Objections, at 19–20.) This Court disagrees.  The California Supreme Court has held that "as long as a single aggravating circumstance that renders a defendant *eligible* for the upper term sentence has been established in accordance with the requirements of Apprendi and its progeny, any additional fact finding engaged in by the trial court in selecting the appropriate sentence among the three available options does not violate the defendant's right to jury trial."  People v. Black, 161 P.3d 1130, 1138 (Cal. 2007) ("Black II") (reconsidering the decision of People v. Black, 113 P.3d 534 (Cal. 2005) ("Black I"), in light of Cunningham).  The Ninth Circuit has approved of this conclusion, given federal courts'

1    obligation "to accept a state court's interpretation of state law, except in the highly unusual case in

2    which the 'interpretation is clearly untenable and amounts to a subterfuge to avoid federal review'

3    of a constitutional violation.'"  See Butler v. Curry, 528 F.3d 624, 642 (2008).

4          In Petitioner's case, the trial court relied on, in part, Petitioner's prior convictions.

5    (Lodgment No. 1, vol. 4, at 658:21–24.)  Even under Cunningham, a judge may impose a sentence

6    above the statutory maximum based on the fact of a prior conviction, even if that conviction was

7    not found by a jury or admitted to by the defendant.  Cunningham, 549 U.S. at 274–75.  Since the

8    fact of a defendant's prior conviction alone would authorize the maximum possible sentence under

9    the DSL, the fact that the trial court engaged in other factfinding does not make Petitioner's

10   sentence unconstitutional.  Black II, 161 P.3d at 1140–44.

11         Thus, even had Petitioner not procedurally defaulted this claim, it would still fail.

12   Therefore, the Court **DENIES** relief based on claims nine, ten, eleven, and Petitioner's

13   Cunningham arguments.

14   **VII.    THE R&R IS CORRECT AS TO CLAIMS VII, VIII**

15         Although Petitioner objects generally to the R&R's findings on claims 7 and 8, he merely

16   incorporates the arguments related to his other claims without specifically addressing the R&R's

17   findings.  (Objections, at 20.)  Having reviewed these claims *de novo*, the Court finds that

18   Magistrate Judge McCurine's R&R addresses them thoroughly and correctly.  Therefore, the R&R

19   is **ADOPTED** with respect to claims 7 and 8 and relief is **DENIED** on those claims.

20   **IX.    NO CERTIFICATE OF APPEALABILITY SHOULD ISSUE**

21         In the event that Petitioner appeals this Court's order denying his petition, this order

22   addresses whether a certificate of appealability should issue.  A certificate of appealability is

23   authorized "if the applicant has made a substantial showing of the denial of a constitutional right."

24   28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason

25   could disagree with the district court's resolution of his constitutional claims or that jurists could

26   conclude the issues presented are adequate to deserve encouragement to proceed further."

27   Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484

28   (2000). The Court must either (1) grant the certificate of appealability indicating which issues

     satisfy the required showing or (2) state why a certificate should not issue.  Fed. R. App. P. 22(b).

In this case, jurists of reason would agree with this Court's resolution of Petitioner claims. It is clear that Petitioner's constitutional rights were not violated on any of claims raised in his petition.  Therefore, should Petitioner appeal, no certificate of appealability should issue.

## CONCLUSION

For the reasons stated, Petitioner is not entitled to habeas relief.  Therefore, the Court **ADOPTS IN FULL** Magistrate Judge McCurine's report and recommendations and **DENIES** the petition.  The Court further finds that, should Petitioner appeal, no certificate of appealability should issue.  The Clerk shall enter judgment denying the petition.

IT IS SO ORDERED.

DATED:  May 29, 2009

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge